Mary Jo DAVIS, Appellant,

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. C14–82–150CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 21, 1983.

Barbara Budros, Houston, for appellant.

Robert B. Watts, Bracewell & Patterson, Houston, for appellees.

Before MURPHY, JUNELL and SEARS, JJ.

JUNELL, Justice.

This appeal is from an order of the court below granting summary judgment in favor of defendants/appellees Houston Independent School District (HISD), the district's board of trustees, Billy Reagan (Superintendent), B.G. Laird (Deputy Superintend-

ent), and Don Board (Director of Safety, Driver's Education and Worker's Compensation).

Mary Jo Davis, a long-time employee of HISD, was teaching a special education class at Fonville Junior High School on October 7, 1976 when an altercation broke out between two students. While attempting to quell the disturbance, Mrs. Davis received a blow to the head with a metal spike, rendering her unconscious. She was subsequently hospitalized and diagnosed as having traumatic headache syndrome and depression. Mrs. Davis filed for and received workers' compensation benefits for the incident in question. Appellant's attempts to return to the classroom were unsuccessful, and she elected to retire. She then sought accumulated sick leave, salary, costs of medical, surgical, and hospital expenses and attorney's fees under her contract of employment with HISD. The provision, contained in a manual of HISD's Administrative Procedures, is entitled, "572.820 Teacher Protection from Attacks and/or Assaults" and provides:

> The District shall provide reasonable means of protecting the personal property of the teacher while on duty in school or on the school premises. A teacher may use reasonable force as is necessary to protect himself from attack, to protect another person or property, to quell a disturbance threatening physical injury to others or to obtain possession of weapons or other dangerous objects upon the person or within control of a pupil.
>
> Time lost by a teacher in connection with any unprovoked assault occurring in the school shall not be charged against the teacher. The District shall reimburse a teacher for the reasonable cost of medical, surgical, hospital services, or legal assistance (less the amount of any insurance reimbursement) incurred as the result of an assault sustained by the teacher in the course of his employment.
>
> Teachers shall immediately report cases of assault suffered by them in connection with their employment to their principals or other immediate superior. Such notification shall be immediately forwarded to the area superintendent who shall act in appropriate ways as liaison between the teacher, the police, and the courts. It is strongly recommended that the teacher cooperate with the administration, the police, and the courts in the investigation, filing of complaints and in giving court testimony at trial in any assault reported. (See also Board Policy and Administrative Procedure Section 751.500.)
>
> Injuries resulting from accidents are covered under the guidelines established for Workman's Compensation by the district.

Hereafter the above quoted provision is referred to as "assault policy" or "board policy 572.820." After HISD refused to pay these "assault" benefits, Mrs. Davis sued appellees for breach of contract and tortious interference with contractual relations. The trial court granted appellees' motion for summary judgment, holding *inter alia*, as matters of law that (1) the individual defendants were not personally liable because of a provision of the Texas Education Code; (2) HISD was a state agency and thus not liable for negligence in suits sounding in tort; (3) appellant had elected to receive workers' compensation benefits and was therefore estopped to proceed on a claim for benefits under the assault policy; and (4) the workers' compensation statutes provided plaintiff's exclusive remedy and exempted HISD from further liability above and beyond the compensation recovery.

 A summary judgment will be upheld only if the movant has conclusively established that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); Tex.R. Civ.P. 166–A. Furthermore, since election of remedies is a doctrine of estoppel which must be specially pleaded, the movant must conclusively establish the elements of the bar. *Deal v. Madison*, 576 S.W.2d 409, 425 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r. e.).

The question thus presented in appellant's first point of error is whether appellees conclusively established that appellant was estopped from recovery under the assault policy because of her acceptance of workers' compensation benefits. The order granting summary judgment refers to an insurance claim form which was apparently completed by appellant, where in response to the question, "Is this claim based on an accident?" Mrs. Davis marked "yes." There is also a statement made by Trois Taylor, a teacher at Fonville, detailing the events which she says occurred shortly after the incident in question. Taylor said, "[Mrs. Davis] was vague and did not clearly remember the exact circumstances, but she did say the boy was fighting another student and she walked over to intervene and the blow was accidental."

■ From the record before us, we cannot conclude that this summary judgment proof was sufficient to establish as a matter of law that plaintiff was estopped to assert an action under the "assault policy." Appellees now maintain that because appellant had stated her injuries were "accidental," she is estopped from asserting that her injuries were intentionally inflicted by an "unprovoked assault." We do not perceive either Taylor's statement or the insurance form as establishing an election as a matter of law. It is undisputed that Mrs. Davis filed for and received workers' compensation benefits as a result of the injuries. However, the summary judgment proof does not establish as a matter of law (1) that Mrs. Davis had elected to pursue one of two mutually exclusive remedies or (2) that this incident could not be termed "accidental" within the meaning of the workers' compensation law, and also an "unprovoked assault" within the ambit of HISD's assault policy.

■ By her third point of error, appellant maintains the court erred in granting summary judgment for HISD based on the doctrine of sovereign immunity. It is well settled that a school district is an agency of the state and while exercising governmental functions, it is not answerable for negligence in suits sounding in tort. *Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978). Unquestionably, HISD is an agency of the state and part of appellant's cause of action, "tortious interference with contractual relations" is a suit sounding in tort. Appellant seeks to avoid the effect of immunity by arguing that "providing insurance" for teachers who are assaulted is not a governmental function. We find this contention to be without merit. Formulating contracts of employment with teachers is a governmental function since generally all authorized functions of a school district are of a governmental character, *See, Duson v. Midland County Independent School District*, 627 S.W.2d 428 (Tex.Civ.App.—El Paso 1981, no writ), and employing teachers is an activity which the school district performs pursuant to the state's obligation to the general welfare of the public. *Garza v. Edinburg Consolidated Independent School District*, 576 S.W.2d 916 (Tex.Civ.App.—Corpus Christi 1979, no writ). We therefore overrule point of error three insofar as it concerns HISD's liability for "tortious interference with contractual relations" and sever and affirm that portion of the court's judgment. However, we cannot agree that HISD has conclusively shown that governmental immunity shields HISD from any liability which appellant may show exists because of breach of contract. We therefore sever and sustain appellant's third point of error with respect to any liability which may exist against HISD for breach of contract.

■ Appellant urges in her second point of error that the court erred in granting summary judgment for the individual appellees in finding them exempt from liability by reason of a provision of the Texas Education Code. The judgment indicates the court relied on Tex.Educ.Code Ann. § 21.912(b) (Vernon Supp.1982—1983) which provides,

no professional employee of any school district within this state shall be personally liable for any act incident to or within the scope of the duties of his position of employment and which act involves

the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to the students.

Appellant's pleadings allege that the individual appellees, as agents of HISD, breached a contract and wrongfully interfered with contractual relations in connection with the denial of benefits under the assault policy. Even assuming these allegations to be true, they would not give rise to an action involving personal liability on the part of the individual appellees. There is no question that the members were acting within the scope of their employment, exercising judgment or discretion; and, this was clearly not a case involving excessive force in discipline or negligence resulting in bodily injury to a student. The facts averred by appellant are not sufficient to defeat the claim of immunity under § 21.912(b). *O'Haver v. Blair,* 619 S.W.2d 467 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ). We therefore overrule point of error two and sever and affirm the summary judgment in favor of the individual appellees.

■ Appellees also maintained that Tex. Rev.Civ.Stat.Ann. art. 8306 § 3, 5 (Vernon 1967) preclude appellant from recovering benefits under the assault policy. The statutes provide in pertinent part:

§ 3 The employees of a subscriber ... shall not have right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries...

\* \* \* \* \* \*

§ 5 Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employe' [sic] whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm or corporation from the employer of such employe' [sic] at the time of the injury causing the death of the latter....

The trial court relied on the sections above in granting summary judgment for appellees. It is undisputed that HISD was a subscriber to the workers' compensation act, appellant was an employee of HISD on the date in question, and appellant filed for and received workers' compensation benefits as a result of the incident in question. From the record before us, we cannot conclude that appellees established as a matter of law that the above-quoted statutes work as a bar to appellant's recovery under the assault policy. As appellee concedes, board policy 572.820 forms a part of the contract between appellant and HISD. *See, Bowen v. Calallen Independent School District,* 603 S.W.2d 229 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). However, appellees have not demonstrated how the provisions of the workers' compensation law work to preclude an employee's recovery for breach of a *contract* of employment; or, how the contract in question provides that the employee's exclusive remedy lies with workers' compensation. None of the cases cited by appellees involve an action by an employee for breach of contract. Appellee has failed to demonstrate how § 5 applies in the instant case to prevent recovery for exemplary damages arising from breach of contract.

Being of the opinion that the appellees' motion for summary judgment was in part properly granted, we affirm the judgment in favor of the individual appellees; and we affirm the judgment in favor of appellee HISD with respect to appellant's alleged cause of action for tortious interference with appellant's contract of employment. However, we sever and reverse and remand for trial on the merits appellant's alleged cause of action against HISD for breach of contract.