Bobby Grant **BAREFIELD** and Clinton Zacharias, **Appellants,**

v.

**CITY OF HOUSTON, Pace Concerts, Inc., and AAA Searchlight Systems, Inc., d/b/a Southwest Concert Security, Appellees.**

No. C14–91–00639–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1992.

Rehearing Denied Jan. 28, 1993

David C. Griffin, Cynthia T. Sheppard, Victoria, for appellants.

Barbara A. Bowman, Mark J. Courtois, James Isbell, Mark C. Clemer, Houston, for appellees.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellants appeal from summary judgments granted in favor of appellees. Appellants brought suit against the City of Houston, Pace Concerts, and AAA Searchlight Systems, Inc., d/b/a Southwest Concert Security to recover damages for personal injuries sustained by appellants following a rock concert. We affirm.

Appellants and their friend, Nathan Marek, attended a rock concert at the Sam Houston Coliseum (Coliseum), on February 26, 1989. Appellants parked across the street from the Coliseum in an underground parking garage owned and operated by the City of Houston. When the concert was over around 11:00 or 11:30 p.m., appellants and Marek left the Coliseum and began walking toward the parking garage. About 20 to 30 feet outside the Coliseum doors the three men were approached by a group of seven to ten youths. The youths demanded the concert t-shirt Marek was wearing. Marek refused and was attacked, beaten and robbed.

Barefield went to Marek's aid. The youths clustered around Barefield and Marek. One youth pulled a knife. Barefield told the group he had a knife and to leave him alone. After Barefield said this, four or five members of the attack group pulled their knives. Upon seeing the knives, Marek and Zacharias began running back across the street toward the Coliseum. When Barefield saw Marek and Zacharias running, he, too, began running across the street. As Barefield attempted to run across the street, he was hit by a car, resulting in a compound fracture to his leg. The driver of the car did not stop to render assistance. Barefield called to his friends

for help. Marek and Zacharias returned back across the street and moved Barefield onto the sidewalk.

Marek attempted to return to the Coliseum to get help, but the group of youths stood between him and the building. A bystander saw the extent of Barefield's injury and suggested Marek and Zacharias carry Barefield to their car and take him to a hospital. Marek, Zacharias and the bystander picked up Barefield and began carrying him toward the car. They were confronted again by the youths. By this time there were 15 or 20 youths in the group. The group demanded Zacharias's t-shirt and jewelry. When he refused, the group assaulted him, breaking one rib and stabbing him in the back. The attackers began throwing rocks and bottles. Marek ran back to the Coliseum and informed a police officer inside the Coliseum about the attack.

The officer said he would call an ambulance. When Marek returned to the scene, Barefield and Zacharias were lying on the ground. Barefield was yelling he thought he was going to die. A taxi drove by and the driver offered appellants a ride to the hospital. The taxi driver took Barefield and Zacharias to the emergency room at Ben Taub Hospital. Marek drove his own vehicle to the hospital.

Barefield had surgery on his leg, was hospitalized for one week and has had four subsequent surgeries. Barefield was not injured in the confrontations with the youths; his only injury was caused by being struck by a car when he ran into the street. Zacharias was not treated at Ben Taub Hospital. He left the hospital around 2:00 a.m. and arrived at his home in Port Lavaca, Texas around 5:00 a.m. The following day, Zacharias was treated by a physician in Port Lavaca. Zacharias wore a body wrap for eight weeks. His stab wound did not require sutures.

Pace Concerts (Pace) produced the rock concert. Pace leased the Sam Houston Coliseum from the City of Houston (City). Pace hired AAA Searchlight Systems, Inc., d/b/a Southwest Concert Security (AAA) and off-duty Houston Police officers to provide security for the concert premises. The security guards and officers were stationed inside the Coliseum; none were stationed outside the Coliseum doors.

Barefield and Zacharias brought suit against appellees for negligence in failing to provide adequate security for the premises. Marek was not a party to the suit. Appellants also alleged appellees were negligent because appellees knew or should have known of the unreasonably dangerous condition, i.e., the potential for criminal activity, and failed to correct the condition or warn appellants. Appellants further alleged their injuries were caused by a condition or use of tangible personal or real property owned and operated by the City of Houston.

Pace, AAA and The City of Houston filed motions for summary judgment, which the trial court granted. In eight points of error, appellants argue the trial court erred in granting appellees' motions for summary judgment.

A summary judgment will be upheld on appeal only if the movant has conclusively established there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. *Davis v. Houston Independent School District*, 654 S.W.2d 818, 820 (Tex.App.—Houston [14th Dist.] 1983, no writ).

The summary judgment evidence is considered in the light most favorable to the party opposing the motion. *Gonzales v. Global Truck & Equipment, Inc.*, 625 S.W.2d 348, 350 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). All doubts concerning the existence of a genuine issue of material fact should be resolved against the movant. *Id.* All conflicts in the evidence must be disregarded and the evidence that tends to support the position of the non-movant is accepted as true. *Id.*

The question to be determined on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. *Gibbs v. General Motors*, 450 S.W.2d 827, 828 (Tex.1970).

The essential elements of a cause of action based on negligence are a legal duty owed by defendants to plaintiffs, a breach of that duty, and damages proximately resulting from that breach. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Duty is the threshold inquiry. To establish tort liability, a plaintiff must prove the existence and violation of a duty owed to him by a defendant. *Id.*

### PACE'S DUTY

In points of error one, four and seven, appellants assert the summary judgment granted in favor of Pace was granted in error because genuine issues of material fact exist as to whether Pace owed a duty of care to appellants and as to whether appellants were contributorily negligent.

■ Pace, producer of the concert, leased the Coliseum from the City of Houston. The terms of the lease dictated the extent of Pace's control over the Coliseum. Appellants argue the sidewalk where the first attack took place is part of the premises under Pace's control. Pace leased only the building and not the outer premises, such as the sidewalks or the common area outside the Coliseum's entrance. The lease agreement required Pace to provide security only within the Coliseum.

■ As a general rule, a defendant has no duty to prevent the criminal acts of a third party who does not act under the defendant's supervision or control. *La-Fleur v. Astrodome–Astrohall Stadium Corp.*, 751 S.W.2d 563, 564 (Tex.App.— Houston [1st Dist.] 1988, no writ). A defendant, however, may be subjected to tort liability for another's criminal act if the criminal act occurs on the defendant's premises. *Id.* at 565. The defendant's duty to provide protection arises from his occupation of the premises. By occupying the premises the defendant has the power of control and expulsion over the third party. *Id.* If a defendant does not occupy the premises, then he has no potential control or ability to oust a third party. The defendant therefore, is not liable for his failure to provide security when he does not control the premises upon which a third party

assaults a plaintiff. *Id.* The attacks took place on the sidewalks and public streets. Pace had no control over these areas.

Under the lease agreement entered into by Pace and the City, Pace did not have control over the areas outside the leased premises. Pace had no control over the area beyond the Coliseum doors. Pace, therefore, had neither a duty to make the area beyond the Coliseum's doors safe for appellants, nor a duty to warn appellants, who were invitees, of dangerous conditions on such areas. Liability follows control. *Howe v. Kroger Co.*, 598 S.W.2d 929, 930 (Tex.Civ.App.—Dallas 1980, no writ). The defendant's duty does not extend beyond the limits of the defendant's control. *La-Fleur*, 751 S.W.2d at 565. Pace's duty was limited to the premises it controlled under the lease.

■ Appellants argue Pace owed them a duty of care because the confrontation between appellants and the group of youths was foreseeable. An exception exists to the general rule that a defendant has no duty to prevent criminal acts of a third party unless the defendant controls the premises. A defendant's negligence is not superseded when the criminal conduct of a third party is a foreseeable result of the defendant's negligence. *LaFleur*, 751 S.W.2d at 564. The defendant has a duty to prevent injuries to others if it reasonably appears or should appear to the defendant that others may be injured. *Id.*

■ Appellants claim Pace had a duty to warn or protect appellants from the attackers because Pace had knowledge of criminal assaults occurring at other concerts held at the Coliseum. There was no summary judgment proof that any alleged prior incidents occurred at Pace concerts. There was no summary judgment proof that Pace knew or should have known of potential criminal attacks occurring outside the Coliseum. The general knowledge of criminal activity in the Houston downtown area is not enough to raise a fact issue that the confrontation between appellants and the group of attackers was foreseeable. Although criminal acts do occur and thus

may be foreseeable in the broad sense, the occupier of the premises has no duty to guard against dangers he cannot reasonably foresee in light of ordinary or common experience. *Hendricks v. Todora*, 722 S.W.2d 458, 461 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

Before appellants can hold Pace to a duty requiring protection from the criminal acts of third parties, Pace must have the power of control over the places where the criminal acts were committed, or Pace must reasonably foresee the criminal conduct. Under this criteria, Pace owed no duty to appellants.

■ Appellants also argue Pace owed them a duty of care because Pace caused or created a dangerous condition outside the Coliseum premises. Appellants rely on *El Chico Corp. v. Poole*, 732 S.W.2d 306 (Tex.1987), to support their argument. Employees at an El Chico restaurant served alcoholic beverages to an intoxicated person. Upon leaving the restaurant, the intoxicated person while driving his automobile, collided with another vehicle killing Larry Poole. Mr. Poole's survivors brought a wrongful death and survival action against El Chico Corp., a liquor licensee, for negligently selling alcohol to an intoxicated person. *Id.*

■ A liquor licensee owes a duty to the general public not to serve alcoholic beverages to a person when the licensee knows or should know the patron is intoxicated. A licensee who serves alcoholic beverages to an intoxicated person is negligent as a matter of law. *Id.* at 314. Recognition of this cause of action requires more than merely furnishing alcohol to a patron. To be liable, the licensee must know or should know the patron is intoxicated. *Id.* at 315.

Appellants argue that although the patron's intoxication in *El Chico* was created on the premises of the restaurant, the dangerousness of the act did not occur until after the patron left the premises and began driving.

Appellants maintain Pace created a dangerous condition by having a rock concert at which a crowd known to consume alcohol and drugs, would be leaving the Coliseum en masse at night in downtown Houston. Appellants argue that by negligently creating a foreseeable and dangerous condition, Pace's duty to appellants extended beyond the actual premises where the concert was held.

■ Foreseeability requires the actor as a person of ordinary intelligence to anticipate the dangers his negligent act creates for others. *Id.* at 313. There is no summary judgment proof that the attackers were intoxicated, were in attendance at the concert, or that appellees provided any alcohol or drugs to them. We find Pace did not create or cause a dangerous condition and therefore owed no duty to appellants.

Appellants also assert the trial court erred in granting summary judgment in favor of Pace because a fact issue exists as to whether appellants were contributorily negligent by engaging voluntarily in the confrontations. Because Pace owed no duty to appellants, any contributory negligence of appellants is immaterial. Pace has established as a matter of law its entitlement to summary judgment by negating a primary element of appellants' cause of action for negligence. We overrule appellants' points of errors one, four and seven.

## AAA'S DUTY

■ In points of error two and five, appellants argue the summary judgment granted to AAA was granted improperly because a genuine issue of material fact exists as to whether AAA owed a duty of care to appellants.

Pace hired AAA, a security contractor, to perform security services for the concert. AAA and Pace had an oral contract in which AAA would provide security services only inside the Coliseum. There was no agreement between the parties that AAA would provide security services outside the Coliseum, where appellants were injured.

The oral agreement between Pace and AAA was typical of former agreements between the parties. AAA performed ticket taking, ushering and security duties.

The usual agreement required AAA to provide security inside the building only.

None of the acts appellants complain about occurred inside the Coliseum. All of the acts occurred either on the public sidewalk, the public street, or other property not connected to the Coliseum.

AAA does not owe appellants a duty of care for the same reasons Pace does not owe appellants a duty. Appellants' injuries, caused by the criminal acts of third parties, did not occur on premises occupied or controlled by AAA and the injuries were not foreseeable by AAA. AAA, therefore, did not owe appellants a duty of care. Points of error number two and five are overruled.

## CITY OF HOUSTON'S DUTY

■ In points of error three and six, appellants argue the trial court erred by granting the City of Houston's motion for summary judgment because a genuine issue of material fact exists as to whether the city owed a duty of care to appellants. In point of error eight, appellants argue sovereign immunity does not apply to the City in this case.

Appellants claim the City was negligent because it failed to provide adequate security or failed to warn appellants of an unreasonably dangerous condition, the potential criminal activity. Appellants assert the City created the unreasonably dangerous condition by not providing police presence on the streets of Houston. Appellants contend their injuries were caused by the dangerous condition on the City's property, the sidewalk and the street next to the Coliseum. Appellants also assert the City contributed to their injuries by failing to provide police protection in downtown Houston where previous crimes had occurred. Appellants argue the City owes them a duty because the criminal activity was foreseeable. The City contends it is immune from liability under the Texas Tort Claims Act. TEX.CIV. PRAC. & REM. CODE ANN. § 101.001 *et seq.*

■ If the negligence causing an injury lies in the formulation of policy, *i.e.,* the determination of the method for providing police protection, the government remains immune from liability. *State v. Terrell,* 588 S.W.2d 784, 788 (Tex.1979). The "method" of performing an act refers to the governmental decision or plan for providing police or fire protection. *Id.* The government is not liable for any injury or death resulting from a government's decision to use only minimal police efforts to control a riot or to control crime in a particular area of a city. *Id.* If, however, an officer or employee acts negligently in carrying out that policy, government liability may exist. *Id.*

Appellants argue their claim is based, not upon the City's determining the method or manner of police protection, but upon the City's negligence in carrying out that particular policy of police protection. Appellants' petition states the "City of Houston made a policy decision to provide security for the Sam Houston Coliseum and the surrounding area and the parking facilities.... The City of Houston's employees acted negligently in carrying out that policy." Appellants claim individual officers acted negligently in performing their duties. There is no summary judgment proof to support appellant's claim.

Pace hired off-duty police officers to provide security inside the Coliseum. Off-duty police officers are not acting within the course and scope of their employment with the City of Houston. The City did not make a policy decision to provide security for the concert. Appellants' cause of action against the City stems from the lack of police presence on the premises where the attacks occurred and not from the negligence of one or more police officers in providing protection.

The Houston Police Department determines the policy for policing the downtown area. The policy, once implemented, is a method of providing police protection. The City is exempt from any liability arising from the method of providing police protection and is also immune for its failure to provide police protection. A municipality is not liable for claims arising "from the failure to provide or the method of providing

police or fire protection." TEX.CIV. PRAC. & REM. CODE ANN. § 101.055(3) (Vernon 1986).

██ The injuries appellants suffered were the result of criminal acts of third parties. The City is immune from liability for intentional torts committed by third parties. A municipality is exempt from liability for intentional torts "arising out of assault, battery, false imprisonment or any other intentional tort. . . ." TEX.CIV. PRAC. & REM. CODE ANN. § 101.057 (Vernon 1986).

Assuming all facts as stated by appellants to be true, the trial court correctly granted the City's motion for summary judgment based on governmental immunity. Appellants' points of error three, six, and eight, are overruled.

Accordingly, we affirm the judgment of the trial court.

### DRAUGHN, Justice, concurring.

I concur in the opinion but write separately to clarify one aspect of the case I consider important for future reference.

In my opinion, had the appellant offered specific evidence of prior acts of violence against patrons on the sidewalks immediately adjacent to the Sam Houston Coliseum during prior rock-type concerts sponsored by Pace, or of which Pace, being in the business, should have been aware, I would have held them subject to liability. But I also attach a caveat for future reference that Pace and other such sponsors are now on notice because of this tragic occurrence, that if they expect to profit from such concerts by attracting large numbers of young people, they should be prepared to assume responsibility for a modicum of security in the immediate area outside the building, which would at least allow patrons to get on and off the premises without being assaulted or robbed.

It would also seem appropriate for the Houston Police Department to re-evaluate its policy decision about patrolling the area prior to and after such concerts. It would be particularly appropriate to patrol at least one such as this where the concert and the attendant violence was located only a few short blocks from the main head-quarters of the Houston Police Department. As to any attendant liability on the city for failure to do so after repeated acts of violence are documented, that question must also await further examination either by the legislature or the courts. At present no such liability exists under the facts presented by this case.