Joe **GONZALES** and Rebecca
Gonzales, Appellants,

v.

The **CITY OF EL PASO**, The City of El Paso Police Department, and John R. Scagno, J.R. Grijalva, Ramiro Gomez, Jr., Henry Fluck, and Jose Diaz, Individually and in their Official Capacities, Appellees.

No. 08–97–00074–CV.

Court of Appeals of Texas,
El Paso.

May 7, 1998.

Yvonne Rangel, El Paso, for appellant.

John Gates, Asst. City Atty., Charlie F. McNabb, City Atty., Duane A. Baker, Eduardo Miranda, Ray, McChristian & Jeans, P.C., El Paso, for appellees.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a summary judgment granted in favor of Appellees. Appellants brought a wrongful death action against Appellees after their daughter was fatally shot. For the reasons stated below, we affirm the decision of the trial court.

## I. SUMMARY OF THE EVIDENCE

### A. Factual History

Appellants, Joe and Rebecca Gonzales, brought a wrongful death suit after their daughter, Darlene, was fatally shot at the Amadeus Teen Club on December 18, 1993. While inside the club, a disturbance arose and two patrons were ejected. Angered by their ejection, Alfonso Flores and Gustavo Gavaldon retrieved handguns from their automobile and fired several rounds at the club. One round penetrated a wall and seat back and struck Appellant's daughter, killing her. Flores pled guilty to the offense of involuntary manslaughter and Gavaldon was found guilty of murder.

Appellants alleged that Appellees had knowledge of the violent activities and existing dangers at the club. From August through December of 1993, the East Valley Substation had received numerous dispatch calls and address checks for the Amadeus. After conducting a curfew operation on November 20, 1993, Sergeant Bruce Fleming, a defendant below, was reprimanded by Appellees Gomez and Grijalva. He was prohibited from conducting further curfew operations and from sending patrol units to the club, unless they had been dispatched.

In frustration, Fleming wrote a memo directed to Appellee, Henry Fluck, in an attempt to inform Appellees Gomez, Grijalva, Diaz, Fluck and Scagno of the problems at Amadeus and to request guidance. Fleming warned of the escalating violence and the possibility of a homicide. He did not receive a response from anyone in the El Paso Police Department. Appellees Fluck, Diaz, Grijalva

and Scagno maintain that they were not informed of the memo until after Darlene's death.

## B. Procedural History

Appellants filed suit on August 2, 1994. Appellants sued Jose Fong, Jr., the owner and operator of the club, for negligence, gross negligence and premises liability. Appellees were sued for negligence in their individual and official capacities. Appellees filed their Motion for Summary Judgment on July 22, 1996. Appellees alleged that they owed no legal duty to Appellants, the officers enjoyed official or qualified immunity, the city enjoyed governmental or sovereign immunity, and that the death of Appellant's daughter was proximately caused by the criminal acts of Flores and Gavaldon. Appellants filed their Response to the Motion for Summary Judgment on October 2, 1996. The trial court heard the motion on October 7, 1996 and granted it on November 12, 1996. After a hearing on Appellees' Motion for Severance, the trial court granted the severance on November 22, 1996. This appeal followed.

## II. *DISCUSSION*

Appellants bring six points of error attacking the granting of summary judgment. We begin with a discussion of the traditional standard of review for summary judgments.

## A. Standard of Review

The standard of review on appeal is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d 466, 469 (Tex.App.—El Paso 1994, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. General Motors*, 450 S.W.2d 827, 828 (Tex.1970).

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon*, 690 S.W.2d at 548–49; *DeLuna v. Guynes Printing Co.*, 884 S.W.2d 206, 208 (Tex.App.—El Paso 1994, writ denied). Where the defendants are the movants and they submit summary judgment evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *Perez*, 819 S.W.2d at 471; *Bradley v. Quality Serv. Tank Lines*, 659 S.W.2d 33, 34 (Tex. 1983); *Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d at 469. Furthermore, when a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Rogers v. Ricane Enter. Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

In the case before us, the order granting summary judgment does not specify the grounds on which the motion was granted. On appeal, we must therefore affirm the summary judgment if any of the grounds raised by Appellees were sufficient. *Weiner v. Wasson*, 900 S.W.2d 316, 317 n. 2 (Tex. 1995).

In Points of Error Nos. One and Two, Appellants contend the trial court erred in granting summary judgment because Appellees failed to establish that there are no material fact issues as to Appellants' cause of action and Appellees' affirmative defenses. In Point of Error No. Three, Appellants contend the trial court erred in granting summary judgment because Appellees failed to prove their defense of qualified immunity. Appellants maintain that Appellees' affidavits are defective and not probative summary judgment evidence. In Point of Error No. Four, Appellants contend that summary judgment was improperly granted because Appellees failed to prove they had no duty

toward Appellants and their daughter. In Points of Error Nos. Five and Six, Appellants assert that the trial court erred in granting the City's Motion for Summary Judgment because it is liable under the Texas Tort Claims Act and because the City failed to prove sovereign immunity is applicable.

### B. Immunity

A city is immune from liability for its governmental actions, unless that immunity is waived. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex.1995). Police protection is a governmental function. TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215 (a)(1) (Vernon 1986). Therefore, the City is immune from liability unless the legislature has waived its immunity by clear and unambiguous language. *See Barfield*, 898 S.W.2d at 291 (*citing Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980)). The Texas legislature has waived such immunity in certain limited circumstances, including:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).

A governmental unit specifically retains its immunity, however, in claims arising from the failure to provide or the method of providing police or fire protection. TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(3) (Vernon 1986).

In the case at bar, Appellees contend they are immune under the Texas Tort Claims Act ("the Act") because Appellants' claim arises from the failure to provide police protection. It is well established that there can be no municipal liability for a governmental entity's decision for providing police protection. *See, e.g., City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex.1995); *State v. Terrell*, 588 S.W.2d 784, 788 (Tex. 1979); *Barefield v. City of Houston*, 846 S.W.2d 399, 405 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

In *Barefield*, the plaintiffs sued the city for injuries sustained outside a concert in downtown Houston. 846 S.W.2d at 402. The plaintiffs alleged that the city was negligent because it "knew or should have known of the unreasonably dangerous condition, i.e., the potential for criminal activity, and failed to correct the condition or warn appellants." *Id.* In affirming the summary judgment in *Barefield*, the court of appeals noted that if the negligence causing an injury lies in the formulation of policy, i.e., the determination of the method for providing police protection, the government remains immune from liability. *Id.* at 405 (*citing Terrell*, 588 S.W.2d at 788). The "method" of performing an act refers to the governmental decision or plan for providing police or fire protection. *Id.* (*citing Terrell*, 588 S.W.2d at 788). The government is not liable for any injury or death resulting from a government's decision to use only minimal police efforts to control a riot or to control crime in a particular area of a city. *Id.* (*citing Terrell*, 588 S.W.2d at 788). If, however, an officer or employee acts negligently in carrying out that policy, government liability may exist. *Id.*(*citing Terrell*, 588 S.W.2d at 788).

The distinction between *Terrell* and *Barefield*, as well as the case at bar, is that in *Terrell*, a law enforcement actor, not a third party, was negligent in causing the injury. In *Terrell*, a highway patrolman collided with Mr. Terrell's vehicle while in pursuit of a speeding motorist. *Terrell*, 588 S.W.2d at 785. The court noted that the Texas Highway Department has a policy of detecting and apprehending individuals who exceed the speed limit by use of radar and motor vehicles and that such a policy decision is not susceptible to an attack of negligence under

the Act. However, the court pointed out that the policy does not include directing an officer to strike any vehicle in his path in apprehending a speeder. Thus, the court concluded that the accident was not a part of the formulated policy and that the State is subject to liability for injuries resulting from the negligence, if any, of the highway patrolman. *Id.* at 788.

■ Appellants similarly argue that the City of El Paso, its police department and police officers should have known of the dangerous conditions at the Amadeus and were negligent in not warning the patrons, in failing to protect the safety of the patrons, in failing to control the existing violence, and in failing to timely respond to an emergency situation, among others. Appellants' petition states that Appellees are guilty of negligence in failing to provide a "safe environment." Appellants claim individual officers acted negligently in performing their duties. There is no summary judgment proof to support Appellants' claims.

The El Paso Police Department determines the policy for policing certain areas. The policy, once implemented, is a method of providing police protection. The City is exempt from any liability arising from the method of providing police protection and is also immune for its failure to provide police protection. A municipality is not liable for claims arising "from the failure to provide or the method of providing police or fire protection." TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(3) (Vernon 1986).

■ Furthermore, Appellees contend they are immune under the Act because the death of Darlene Gonzales was caused by the criminal acts of third parties. Section 101.057 of the Act provides:

This chapter does not apply to a claim:

(1) based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection, or rebellion; or

(2) arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon 1986). In *Barefield*, the injuries the plaintiffs suffered were the result of criminal acts of third parties. In construing Section 101.0057, the court held that "the City is immune from liability for intentional torts committed by third parties." *Barefield*, 846 S.W.2d at 406. Here, Darlene Gonzales's death was a result of the criminal acts of Alfonso Flores and Gustavo Gavaldon.

■ Finally, Appellants contend that their claim is actionable based on the "condition" of tangible personal property. To state an actionable claim under Section 101.021(2) based upon the "condition" of tangible personal property, it is sufficient to allege that defective property contributed to the injury. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32 (Tex.1983). To state a claim under the Act based upon the use or misuse of nondefective tangible personal property, a plaintiff must allege (1) that the property was used or misused by a governmental employee acting within the scope of his or her employment and (2) that the use or misuse of the property was a contributing factor to the injury. *Id.* at 32. The negligence of the government employee must be the proximate cause of the injury and must involve a condition or use of tangible personal property under circumstances where there would be private liability. *Id.; see University of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175, 178 n. 5 (Tex.1994). The property itself need not be the instrumentality of the alleged harm, but it must have been a contributing factor to the harm. *See Salcedo*, 659 S.W.2d at 32. The Act does not provide for liability based upon a nonuse of property. *Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex.1994); *Smith v. Tarrant County*, 946 S.W.2d 496, 501 (Tex. App.—Fort Worth 1997, no writ).

Appellants contend that the use of tangible personal property by the police was the proximate cause of Darlene's death and thus the City is not entitled to governmental immunity under TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). The City responds that the Act only allows for a waiver of immunity when the injury is caused by the inadequate or inappropriate nature of the property—its "condition"—such as a defect.

The City further argues that there must be a causal connection between the use of the property and the actual injuries sustained.

Appellants' complaint focuses here on the alleged misuse or nonuse of the Fleming Memo. Appellants have not alleged an injury caused by or arising from the use of property under the Act. Rather, Appellants attempt to utilize the memo in attacking the failure to provide police protection. Again, it is the opinion of this Court that these complaints fall within the category of the method employed by Appellee for providing police or fire protection and control. As such, Appellees are immune. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(3); *Terrell,* 588 S.W.2d at 788; *Fernandez v. City of El Paso,* 876 S.W.2d 370, 376–77 (Tex.App.—El Paso 1993, writ denied). We overrule Appellants' Points of Error Nos. Five and Six in their entirety.

On appeal, we must determine whether the summary judgment evidence proves that Appellees are entitled to official immunity as a matter of law, i.e., whether the evidence shows that they were performing a discretionary function, acting in good faith, and within the scope of their authority. After reviewing the evidence, we conclude that Appellees were performing a discretionary function in good faith and within the scope of their authority. Given the above, we find the City of El Paso and its police officers are immune from liability in the instant case.

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, as in this case, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co.,* 858 S.W.2d at 380; *Rogers,* 772 S.W.2d at 79. Insofar as we have found that Appellees have established their affirmative defense of immunity as a matter of law, we need not address the Appellants' Points of Error Nos. Three and Four.

Having overruled Appellants' Points of Error Nos. One, Two, Five and Six, and finding it unnecessary to address Points of Error

Nos. Three and Four, we affirm the judgment of the trial court.