**UNIVERSITY OF TEXAS AT EL PASO and the University of Texas System, Appellants,**

v.

**Gabriel MORENO, Appellee.**

No. 08–05–00076–CV.

Court of Appeals of Texas, El Paso.

Aug. 25, 2005.

Bridget L. McKinley, Asst. Atty. Gen., Austin, for Appellants.

Roland Monteros, El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE, and ABLES, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

In this accelerated interlocutory appeal, the University of Texas at El Paso and the University of Texas System ("UTEP/UTS"), appeal from the trial court's order denying UTEP/UTS's Plea to the Jurisdiction and Motion to Dismiss. UTEP/UTS appeal raising one issue. For the reasons stated, we reverse the judgment of the trial court and render judgment in favor of Appellants.

### I. FACTUAL AND PROCEDURAL HISTORY

At issue is whether the Texas Tort Claims Act[1] waives immunity for the personal injuries which were suffered by Appellee after a football game held in the University of Texas at El Paso ("UTEP") football stadium which is also known as the Sun Bowl. In November of 2000, Appellee attended a UTEP football game. The UTEP team was victorious. Immediately after the game, attendees, including Appellee, streamed onto the football field. Appellee proceeded to hang from the goal post. While Appellee was hanging from the goal post, unknown persons began to shake the goal post, tearing it down. Appellee was allegedly injured as a result of the incident and brought suit. UTEP/UTS filed special exceptions which were granted. Appellee filed an amended petition under the Texas Tort Claims Act alleging that the goal post in question constituted a premises defect liability based upon a failure to erect barriers to control the crowd and gross negligence. UTEP/UTS filed their Plea to the Jurisdiction and Motion to Dismiss. After a hearing, the trial court denied the motion. This appeal follows. Finding no waiver of immunity, we reverse the trial court's denial of the plea to the jurisdiction and render accordingly.

### II. GOVERNMENTAL IMMUNITY FROM SUIT

In the sole issue presented for review, Appellants challenge the trial court's order denying the plea to the jurisdiction. They contend that Appellee's claims fall outside the waivers of liability established by the Texas Tort Claims Act for the reasons that the allegations are "non-use" or "failure to act" claims, do not involve the use or misuse of tangible personal property, do not allege a premises defect, are protected as discretionary decisions of a governmental entity, or are injuries related to acts or omissions arising out of civil disobedience, riot, insurrection, or rebellion for which immunity is preserved.

---

1. TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 2005).

## A. Plea to the Jurisdiction

■ The lack of subject-matter jurisdiction is properly raised by a plea to the jurisdiction. *Texas Department of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). In the absence of the state's consent to suit, a trial court lacks subject matter jurisdiction. *Id.* The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex.1993); *City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.). In the context of suit against a governmental unit, the plaintiff must allege consent to suit either by reference to statute or express legislative permission. *Jones*, 8 S.W.3d at 638; *Sullivan*, 33 S.W.3d at 6.

## B. Standard of Review

■ The question of subject-matter jurisdiction is a legal question which we review *de novo*. *Sullivan*, 33 S.W.3d at 6. Our task is to examine the pleadings, to take as true the facts pleaded, and to determine whether those facts support jurisdiction in the trial court. *Texas Association of Business*, 852 S.W.2d at 446. We construe the pleadings in favor of the pleader. *Id.* If necessary, we may review the entire record to determine if there is jurisdiction. *Id.* If the petition does not allege jurisdictional facts, the plaintiff's suit is subject to dismissal only when it is impossible to amend the pleadings to confer jurisdiction. *Id.*

## C. The Tort Claims Act

As a governmental unit, UTEP/UTS is immune from both suit and liability unless the Tort Claims Act has waived that immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(A) (Vernon 2005). Section 101.021 of the Tort Claims Act has been interpreted as waiving sovereign immunity in three general areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Texas Department of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000) (quoting *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex.1976)). Pursuant to Section 101.021, a governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

 (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

 (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 2005).

## D. Condition or Use of Tangible Personal or Real Property and Negligent Implementation of Policies

■ Appellee relies upon broad, general allegations of negligence which, in essence, contend that UTEP/UTS are liable for the injuries suffered by Appellee as a result of the over-zealous conduct of out-of-control football fans knocking down a football goal post. Other than a contention that he is pursuing his claim under Section 101.021 and 101.0215, et seq., Appellee pleads a series of factual allegations related to UTEP/UTS's failure to control the crowd

with a few additional statements that the goal post was defective. Nothing in his petition alleges any facts to show how the goal post was defective. Despite the broad, general language contained in his petition, Appellee concedes in his deposition, excerpts of which are attached to Appellants' Plea to the Jurisdiction, and in his brief, that he is suing for UTEP/UTS's failure to control the crowd.

Appellee's amended petition contends that UTEP/UTS was negligent in failing to install football goal posts that were free from defects and in failing to control the crowd through the use of fences or security devices. Appellee's claims are in substance, claims that UTEP/UTS is liable for the injuries suffered by Appellee while he participated in what amounted to the out-of-control tortious conduct of individuals seeking to destroy university property.

 Though Appellee has attempted to plead that the defective condition of the goal posts was a proximate cause of his injuries, and thus created a basis for a cause of action under Section 101.021 involving either the use or misuse of tangible property or as a premises defect, he does not succeed. A cause of action based upon the negligent use of real property or a cause of action involving a condition of real property does not exist separately from a cause of action for a premises defect. *Laman v. Big Spring State Hosp.*, 970 S.W.2d 670, 671–72 (Tex.App.-Eastland 1998, pet. denied); *University of Texas–Pan American v. Valdez*, 869 S.W.2d 446, 450 (Tex.App.-Corpus Christi 1993, writ denied). The term "premises" has been defined as a building or part thereof with its grounds and appurtenances; and "defect" has been defined as a shortcoming, an imperfection, or the "want of something necessary for completeness." *Laman*, 970 S.W.2d at 672; *Billstrom v. Memorial*

*Medical Center*, 598 S.W.2d 642, 646 (Tex. Civ.App.-Corpus Christi 1980, no writ).

 Appellee has not stated a cause of action for a premises defect because he has not alleged a defect, shortcoming, or physical imperfection of the property which was a proximate cause of his injuries. Despite his statements that the goal post was defective, his deposition testimony and pleadings establish that his only complaint regarding the goal posts is that they were torn down by the unruly crowd. Such does not amount to an allegation that satisfies the premises defect limitations on sovereign immunity under the Texas Tort Claims Act. *See Laman*, 970 S.W.2d at 672 (immunity not waived for cause of action based upon sexual assault of female psychiatric patient who had been temporarily placed in men's hall and left in unlocked room because property does not cause injury if it does no more than furnish the condition that makes the injury possible). Nor has he alleged a condition or use of real property or tangible personal property within the meaning of Section 101.021(2). In order to state a claim for which immunity is waived, usage of the property itself must have actually caused the injury. *Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex.2001); *Texas Natural Resource Conservation Commission v. White*, 46 S.W.3d 864, 869 (Tex.2001). The use of the property must be a "substantial factor in bringing about the injury." *San Antonio State Hospital v. Koehler*, 981 S.W.2d 32, 35 (Tex.App.-San Antonio 1998, pet. denied). Incidental involvement of the property is insufficient. *See Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998); *Sullivan*, 33 S.W.3d at 8. Property does not cause injury if it does no more than furnish the condition that

makes injury possible. *Bossley,* 968 S.W.2d at 343; *Sullivan,* 33 S.W.3d at 8.

At best, Appellee's petition alleges that the property is merely involved. While the alleged injury suffered by Appellee occurred on the UTEP/UTS's football field and goal post, the property itself did not cause Appellee's injuries. Consequently, the trial court erred in not granting UTEP/UTS's plea to the jurisdiction with respect to these claims. *See Scott v. Prairie View A & M University,* 7 S.W.3d 717, 720 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (although sexual assault of participants in summer youth program by counselor occurred in a hotel room rented by university and at dormitory at university, the injury was not caused by condition or use of tangible personal or real property); *Laman,* 970 S.W.2d at 671–72.

### E. Violation of Ministerial Duties

 Appellee also complains that UTEP/UTS failed to control the crowd after the game in question. He argues that university personnel had a duty to control the crowd through the use of barriers, gates, link chains, and security devices and that the university's failure to control the crowd was negligent, and states a cause of action under the waivers of the Tort Claims Act. In substance, Appellee is contending that UTEP/UTS breached its ministerial duty by failing to control the crowd at the game. We do not agree. Appellee's pleadings read as a whole, do not allege a waiver of immunity under Section 101.021, therefore, this argument is without merit.

 If the negligence causing an injury lies in the formulation of policy, i.e., the determination of the method for providing police protection, the government remains immune from liability. *State v. Terrell,* 588 S.W.2d 784, 788 (Tex.1979); *Barefield v. City of Houston,* 846 S.W.2d 399, 405 (Tex.App.-Houston [14th Dist.] 1992, writ denied). The "method" of performing an act refers to the governmental decision or plan for providing police or fire protection. *Terrell,* 588 S.W.2d at 788; *Barefield,* 846 S.W.2d at 405. The government is not liable for any injury or death resulting from a government's decision to use only minimal police efforts to control a riot or to control crime in a particular area of a city. *Terrell,* 588 S.W.2d at 788; *Barefield,* 846 S.W.2d at 405. If, however, an officer or employee acts negligently in carrying out that policy, government liability may exist. *Terrell,* 588 S.W.2d at 788; *Barefield,* 846 S.W.2d at 405.

### F. Tortious Acts of Third Parties

 Further, the injuries Appellee suffered were the result of criminal acts of third parties. The State is immune from liability for intentional torts committed by third parties. A governmental entity is exempt from liability for intentional torts "arising out of assault, battery, false imprisonment, or any other intentional tort. . . ." TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon 2005). Appellee is clearly complaining of injuries that occurred as a result of the deliberate destructive behavior of the crowd which, we note, included Appellee as a participant.

Given the above, we sustain Appellants' sole issue on appeal and render judgment in favor of Appellants. The order of the trial court denying the plea to the jurisdiction and dismissing suit is reversed and judgment is rendered in favor of Appellants.

ABLES, J., sitting by assignment.