COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



UNIVERSITY OF TEXAS AT EL
PASO AND THE UNIVERSITY OF
TEXAS SYSTEM,

                            Appellants,

v.

GABRIEL MORENO, 

                            Appellee.

§

§

§

§

§

No. 08-05-00076-CV

Appeal from the

327th District Court

of El Paso County, Texas

(TC#2002-5213)




O P I N I O N

           In this accelerated interlocutory appeal, the University of Texas at El Paso and the
University of Texas System (“UTEP/UTS”), appeal from the trial court’s order denying
UTEP/UTS’s Plea to the Jurisdiction and Motion to Dismiss. UTEP/UTS appeal raising
one issue. For the reasons stated, we reverse the judgment of the trial court and render
judgment in favor of Appellants.
I. FACTUAL AND PROCEDURAL HISTORY
           At issue is whether the Texas Tort Claims Act


 waives immunity for the personal
injuries which were suffered by Appellee after a football game held in the University of
Texas at El Paso (“UTEP”) football stadium which is also known as the Sun Bowl. In
November of 2000, Appellee attended a UTEP football game. The UTEP team was
victorious. Immediately after the game, attendees, including Appellee, streamed onto the
football field. Appellee proceeded to hang from the goal post. While Appellee was hanging
from the goal post, unknown persons began to shake the goal post, tearing it down. Appellee
was allegedly injured as a result of the incident and brought suit. UTEP/UTS filed special
exceptions which were granted. Appellee filed an amended petition under the Texas Tort
Claims Act alleging that the goal post in question constituted a premises defect liability based
upon a failure to erect barriers to control the crowd and gross negligence. UTEP/UTS filed
their Plea to the Jurisdiction and Motion to Dismiss. After a hearing, the trial court denied
the motion. This appeal follows. Finding no waiver of immunity, we reverse the trial court’s
denial of the plea to the jurisdiction and render accordingly.
II. GOVERNMENTAL IMMUNITY FROM SUIT
           In the sole issue presented for review, Appellants challenge the trial court’s order
denying the plea to the jurisdiction. They contend that Appellee’s claims fall outside the
waivers of liability established by the Texas Tort Claims Act for the reasons that the
allegations are “non-use” or “failure to act” claims, do not involve the use or misuse of
tangible personal property, do not allege a premises defect, are protected as discretionary
decisions of a governmental entity, or are injuries related to acts or omissions arising out of
civil disobedience, riot , insurrection, or rebellion for which immunity is preserved.
A. Plea to the Jurisdiction
           The lack of subject-matter jurisdiction is properly raised by a plea to the jurisdiction.
Texas Department of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). In the absence of the
state’s consent to suit, a trial court lacks subject matter jurisdiction. Id. The plaintiff has the
burden to allege facts affirmatively demonstrating that the trial court has subject-matter
jurisdiction. Texas Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 446
(Tex. 1993); City of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.--El Paso 2000, pet.
dism’d w.o.j.). In the context of suit against a governmental unit, the plaintiff must allege
consent to suit either by reference to statute or express legislative permission. Jones, 8
S.W.3d at 638; Sullivan, 33 S.W.3d at 6.
B. Standard of Review
           The question of subject-matter jurisdiction is a legal question which we review de
novo. Sullivan, 33 S.W.3d at 6. Our task is to examine the pleadings, to take as true the facts
pleaded, and to determine whether those facts support jurisdiction in the trial court. Texas
Association of Business, 852 S.W.2d at 446. We construe the pleadings in favor of the
pleader. Id. If necessary, we may review the entire record to determine if there is
jurisdiction. Id. If the petition does not allege jurisdictional facts, the plaintiff’s suit is
subject to dismissal only when it is impossible to amend the pleadings to confer jurisdiction.
Id.
 

C. The Tort Claims Act
           As a governmental unit, UTEP/UTS is immune from both suit and liability unless the
Tort Claims Act has waived that immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 
101.001(3)(A) (Vernon 2005). Section 101.021 of the Tort Claims Act has been interpreted
as waiving sovereign immunity in three general areas: “use of publicly owned automobiles,
premises defects, and injuries arising out of conditions or use of property.” Texas
Department of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000) (quoting Lowe v. Texas Tech
University, 540 S.W.2d 297, 298 (Tex. 1976)). Pursuant to Section 101.021, a governmental
unit in the state is liable for:
(1) property damage, personal injury, and death proximately caused by the
wrongful act or omission or the negligence of an employee acting within his
scope of employment if: 
(A) the property damage, personal injury, or death arises from
the operation or use of a motor-driven vehicle or motor-driven
equipment; and 
(B) the employee would be personally liable to the claimant
according to Texas law; and 
(2) personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private
person, be liable to the claimant according to Texas law. 

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).
D. Condition or Use of Tangible Personal or Real Property
and Negligent Implementation of Policies

           Appellee relies upon broad, general allegations of negligence which, in essence,
contend that UTEP/UTS are liable for the injuries suffered by Appellee as a result of the
over-zealous conduct of out-of-control football fans knocking down a football goal post. 
Other than a contention that he is pursuing his claim under Section 101.021and 101.0215,
et seq., Appellee pleads a series of factual allegations related to UTEP/UTS’s failure to
control the crowd with a few additional statements that the goal post was defective. Nothing
in his petition alleges any facts to show how the goal post was defective. Despite the broad,
general language contained in his petition, Appellee concedes in his deposition, excerpts of
which are attached to Appellants’ Plea to the Jurisdiction, and in his brief, that he is suing
for UTEP/UTS’s failure to control the crowd.
           Appellee’s amended petition contends that UTEP/UTS was negligent in failing to
install football goal posts that were free from defects and in failing to control the crowd
through the use of fences or security devices. Appellee’s claims are in substance, claims that
UTEP/UTS is liable for the injuries suffered by Appellee while he participated in what
amounted to the out-of-control tortious conduct of individuals seeking to destroy university
property.
           Though Appellee has attempted to plead that the defective condition of the goal posts
was a proximate cause of his injuries, and thus created a basis for a cause of action under
Section 101.021 involving either the use or misuse of tangible property or as a premises
defect, he does not succeed. A cause of action based upon the negligent use of real property
or a cause of action involving a condition of real property does not exist separately from a
cause of action for a premises defect. Laman v. Big Spring State Hosp., 970 S.W.2d 670,
671-72 (Tex. App.--Eastland 1998, pet. denied); University of Texas-Pan American v.
Valdez, 869 S.W.2d 446, 450 (Tex. App.--Corpus Christi 1993, writ denied). The term
“premises” has been defined as a building or part thereof with its grounds and appurtenances;
and “defect” has been defined as a shortcoming, an imperfection, or the “want of something
necessary for completeness.” Laman, 970 S.W.2d at 672; Billstrom v. Memorial Medical
Center, 598 S.W.2d 642, 646 (Tex. Civ. App.--Corpus Christi 1980, no writ).
           Appellee has not stated a cause of action for a premises defect because he has not
alleged a defect, shortcoming, or physical imperfection of the property which was a
proximate cause of his injuries. Despite his statements that the goal post was defective, his
deposition testimony and pleadings establish that his only complaint regarding the goal posts
is that they were torn down by the unruly crowd. Such does not amount to an allegation that
satisfies the premises defect limitations on sovereign immunity under the Texas Tort Claims
Act. See Laman, 970 S.W.2d at 672 (immunity not waived for cause of action based upon
sexual assault of female psychiatric patient who had been temporarily placed in men’s hall
and left in unlocked room because property does not cause injury if it does no more than
furnish the condition that makes the injury possible). Nor has he alleged a condition or use
of real property or tangible personal property within the meaning of Section 101.021(2). In
order to state a claim for which immunity is waived, usage of the property itself must have
actually caused the injury. Texas Dept. of Criminal Justice v. Miller, 51 S.W.3d 583, 588
(Tex. 2001); Texas Natural Resource Conservation Commission v. White, 46 S.W.3d 864,
869 (Tex. 2001). The use of the property must be a “substantial factor in bringing about the
injury.” San Antonio State Hospital v. Koehler, 981 S.W.2d 32, 35 (Tex. App.--San Antonio
1998, pet. denied). Incidental involvement of the property is insufficient. See Dallas County
Mental Health and Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex.), cert. denied,
525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998); Sullivan, 33 S.W.3d at 8. Property
does not cause injury if it does no more than furnish the condition that makes injury possible.
Bossley, 968 S.W.2d at 343; Sullivan, 33 S.W.3d at 8.
           At best, Appellee’s petition alleges that the property is merely involved. While the
alleged injury suffered by Appellee occurred on the UTEP/UTS’s football field and goal
post, the property itself did not cause Appellee’s injuries. Consequently, the trial court erred
in not granting UTEP/UTS’s plea to the jurisdiction with respect to these claims. See Scott
v. Prairie View A & M University, 7 S.W.3d 717, 720 (Tex. App.--Houston [1st Dist.] 1999,
pet. denied) (although sexual assault of participants in summer youth program by counselor
occurred in a hotel room rented by university and at dormitory at university, the injury was
not caused by condition or use of tangible personal or real property); Laman, 970 S.W.2d at
671-72.
E. Violation of Ministerial Duties
           Appellee also complains that UTEP/UTS failed to control the crowd after the game
in question. He argues that university personnel had a duty to control the crowd through the
use of barriers, gates, link chains, and security devices and that the university’s failure to
control the crowd was negligent, and states a cause of action under the waivers of the Tort
Claims Act. In substance, Appellee is contending that UTEP/UTS breached its ministerial
duty by failing to control the crowd at the game. We do not agree. Appellee’s pleadings read
as a whole, do not allege a waiver of immunity under Section 101.021, therefore, this
argument is without merit.
           If the negligence causing an injury lies in the formulation of policy, i.e., the
determination of the method for providing police protection, the government remains
immune from liability. State v. Terrell, 588 S.W.2d 784, 788 (Tex. 1979); Barefield v. City
of Houston, 846 S.W.2d 399, 405 (Tex. App.--Houston [14th Dist.] 1992, writ denied). The
“method” of performing an act refers to the governmental decision or plan for providing
police or fire protection. Terrell, 588 S.W.2d at 788; Barefield, 846 S.W.2d at 405. The
government is not liable for any injury or death resulting from a government’s decision to
use only minimal police efforts to control a riot or to control crime in a particular area of a
city. Terrell, 588 S.W.2d at 788; Barefield, 846 S.W.2d at 405. If, however, an officer or
employee acts negligently in carrying out that policy, government liability may exist. Terrell,
588 S.W.2d at 788; Barefield, 846 S.W.2d at 405.
F. Tortious Acts of Third Parties
           Further, the injuries Appellee suffered were the result of criminal acts of third parties.
The State is immune from liability for intentional torts committed by third parties. A
governmental entity is exempt from liability for intentional torts “arising out of assault,
battery, false imprisonment, or any other intentional tort . . . .” Tex. Civ. Prac. & Rem.
Code Ann. § 101.057 (Vernon 2005). Appellee is clearly complaining of injuries that
occurred as a result of the deliberate destructive behavior of the crowd which, we note,
included Appellee as a participant.
           Given the above, we sustain Appellants’ sole issue on appeal and render judgment in
favor of Appellants. The order of the trial court denying the plea to the jurisdiction and
dismissing suit is reversed and judgment is rendered in favor of Appellants.
 
                                                                  RICHARD BARAJAS, Chief Justice

August 25, 2005

Before Barajas, C.J., McClure, and Ables, JJ.
Ables, J., sitting by assignment