COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| UNIVERSITY OF TEXAS AT EL PASO, | § | No. 08-07-00155-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 5 |
| | § | |
| AMALIA E. MURO, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2005-6279) |
| | § | |

**O P I N I O N**

This is an interlocutory appeal of a denial of The University of Texas at El Paso's ("UTEP") plea to the jurisdiction. In Issue One, UTEP contends Appellee, Amalia Muro's premises liability claim does not come within the Texas Tort Claims Act's waiver of sovereign immunity because: (1) Ms. Muro failed to show the university's actual knowledge of the condition which allegedly caused her injury; (2) the condition did not pose an unreasonable risk of harm; and (3) the condition was easily perceptible, and therefore, cannot be the basis of a duty. In Issue Two, UTEP asserts that even if Ms. Muro's claim does meet the requirements of the Tort Claims Act, the claim is barred under the Texas Recreational Use Statute because Ms. Muro failed to offer any evidence that UTEP was grossly negligent. We reverse and render.

Amalia Muro filed this premises liability suit on September 7, 2005, alleging that she was injured on UTEP's campus. Ms. Muro was on the campus September 27, 2003, to attend a UTEP Miners football game. In the late afternoon, she was walking across a parking lot on her way to the stadium, when she tripped over the remnants of a metal sign post which was

protruding from the paved surface.[1]  She injured her right knee, right elbow, and ribs on her right side.

Ms. Muro alleged UTEP was negligent by failing to completely remove the metal post so that the asphalt surface was smooth, by failing to warn entrants into the lot about the unsafe condition, and by failing to institute policies and procedures to inspect the grounds and remove dangerous conditions from the streets and roads on campus.  Ms. Muro also plead that UTEP's sovereign immunity was waived in this case under Section 101.021(2) of the Texas Civil Practice and Remedies Code, which provides, in part, that sovereign immunity is waived for personal injuries cased by conditions on real property if a private person would be liable to the claimant under Texas law.  *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(2)(Vernon 2005).

UTEP filed its plea to the jurisdiction on May 14, 2007.  UTEP presented two grounds for dismissal:  (1) Ms. Muro failed to plead adequate facts, and offer evidence of UTEP's gross negligence as required under the Texas Recreational Use Statute; or (2) Ms. Muro was unable to demonstrate a waiver of the university's sovereign immunity.  The trial court denied UTEP's plea on June 1, 2007.  In its order the court held:  (1) the Texas Recreational Use Statute did not apply; (2) Ms. Muro did plead adequate facts to demonstrate UTEP's gross negligence; and (3) Ms. Muro did plead sufficient facts to demonstrate UTEP's actual knowledge of the defect at issue.  UTEP filed this interlocutory appeal pursuant to Texas Civil Practice and Remedy Code section 51.014(a)(8), on June 20, 2007.  *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)

---

[1] Ms. Muro tripped over the remains of a campus parking sign located on the north end of UTEP's parking lot "C-4," about a foot away from the sidewalk.  The bottom of the metal sign post was not completely removed from the pavement and stuck up from the parking lot surface one and a half inches at its highest point.  The pipe itself was approximately three inches in diameter.

(Vernon 2008).

UTEP presents two issues for our review.  In Issue One, UTEP contends Ms. Muro failed to state a claim within the Texas Tort Claims Act's waiver of sovereign immunity for a premises defect.  Specifically, UTEP argues Ms. Muro's pleadings and evidence failed to raise a fact issue regarding UTEP's knowledge of the remnant.[2]  In Issue Two, UTEP contends Ms. Muro's suit must be dismissed because she has failed to raise a fact issue regarding UTEP's gross negligence as required under the Texas Recreational Use Statute.  *See* TEX.CIV.PRAC.& REM.CODE ANN. §§ 75.002(c)(2)(Vernon 2008), 75.003(g)(Vernon 2005).

A plea to the jurisdiction is a challenge to the trial court's jurisdiction over the subject matter of the suit.  *See University of Texas at El Paso v. Moreno*, 172 S.W.3d 281, 284 (Tex.App.--El Paso 2005, no pet.), *citing Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).  In the absence of a valid waiver of sovereign immunity, a trial court lacks subject-matter jurisdiction and the suit must be dismissed.  *Id*.  Because subject-matter jurisdiction is a question of law, a trial court's ruling on a plea to the jurisdiction is reviewed *de novo*.  *See Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex.App.--El Paso 2000, pet. dism'd w.o.j.).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the reviewing court considers the relevant evidence submitted by the parties to resolve the jurisdictional issues raised.  *Miranda*, 133 S.W.3d at 226.  When the challenged jurisdictional

---

[2] UTEP's first issue also challenges Ms. Muro's claim on the grounds that the remnant did not pose an unreasonable risk of harm, and that the remnant was easily perceptible. However, these alternative grounds were not presented to the trial court.  As such they have not been preserved for our review.  *See* TEX.R.APP.P. 33.1(a).

facts also implicate the merits of the plaintiff's cause of action, the trial court reviews the evidence to determine if a fact issue exists. *Id.* at 227. In such a situation, the trial court must make a determination which "mirrors" a summary judgment under Texas Rule of Civil Procedure 166a(c). *Id.* at 228. If the evidence raises a fact question regarding the jurisdictional issue, the trial court must deny the plea and allow the issue to be resolved by the fact finder. *Id.* at 227-28. If the relevant evidence is undisputed, or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.* at 228.

Generally, the State and its subdivisions enjoy sovereign immunity from tort liability absent an express waiver. *See* TEX.CIV.PRAC.&REM.CODE ANN. §§101.001(3)(A),(B), 101.025; *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). The Texas Tort Claims Act (TTCA) provides a waiver of sovereign immunity for premises defect claims. TEX.CIV.PRAC.&REM.CODE ANN. § 101.022(a)(Vernon Supp. 2008); *see Brown*, 80 S.W.23d at 554. The TTCA provides that a governmental unit is liable for injury or death caused by a condition on real property, "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(2). The Act further limits the government's potential liability however, by raising the duty owned to a claimant to the same duty that a private person owed to a licensee on private property. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.022(a). Therefore, a governmental unit will only be liable for a premises defect if a private person would be liable to a licensee under the same circumstances. *Brown*, 30 S.W.3d at 554. The property owner must use ordinary care to warn a licensee of a condition that presents an unreasonable risk of harm, of which the possessor is actually aware and the licensee is not, or to make the condition reasonably safe. *State Dept. of*

-4-

*Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). The "actual knowledge" element of a premises defect cause of action requires knowledge that the dangerous condition existed at the time of the accident. *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414-15 (Tex. 2008)(per curiam). Constructive knowledge, by contrast, can be established by facts or inferences that a dangerous condition could develop over time. *Id*.

In this case, UTEP acknowledges that Ms. Muro has plead all of the elements necessary to assert a viable premises defect cause of action. The question that remains, as UTEP asserted in its plea, is whether the relevant evidence raises a fact issue regarding UTEP's actual knowledge of the premises defect. *See Miranda*, 133 S.W.3d at 228. The evidence relevant to the issue of UTEP's knowledge in this case consists of: (1) the deposition testimony, and affidavit of UTEP's Director of Facility Services, Mr. Juan Guerra; and (2) the affidavit of UTEP's Institutional Compliance Officer, Ms. Sandra Vasquez.

Mr. Guerra was responsible for managing the campus grounds, including parking facilities at the time of Ms. Muro's injury. Mr. Guerra admitted during his deposition that the condition of the post indicated that it had been removed by a technique called "flushing;" which includes cutting the post off as close to the surface as possible and then to pound the remaining edges so the post protrudes as little as possible. Mr. Guerra also admitted that "flushing" is a technique UTEP crews use when removing sign posts. Maintenance records indicated Mr. Guerra's department had removed several sign posts in the parking lot where Ms. Muro was injured over an unspecified length of time. However, because the records did not identify the location of the individual posts, Mr. Guerra was not able to identify a record that a UTEP crew flushed the specific post which injured Ms. Muro. He admitted that based on the evidence of

"flushing," it is possible one of UTEP's crews removed the post at issue. On the other hand, he also testified that because of its location near the Don Haskins Center, the post may have been damaged by special event staff not affiliated with the university.

Campus problems, such as the need for repairs, could be reported to UTEP's Institutional Compliance Department by any individual who saw a problem on campus. The Compliance Department's Director, Ms. Sandra Vasquez, reviewed non-compliance reports and complaints made in the four years prior to Ms. Muro's injury. According to her affidavit, Ms. Vasquez did not locate any reports or complaints related to parking lot C-4, or any injuries related to a sign post remnant.

Ms. Muro argues that a fact question is created by Mr. Guerra's admissions that the remnant was created by "flushing," that UTEP maintenance crews traditionally used this technique when removing signs on campus, and that based on the evidence of flushing on the remnant Ms. Muro tripped over it was possible UTEP created the condition. She contends that based on this evidence, we can infer that UTEP created the condition, from which we can infer that UTEP had actual knowledge of the condition.[3] UTEP counters, that Mr. Guerra's additional testimony that the remnant could also have been created by an entity unrelated to UTEP, leaves the court to consider equally plausible, but opposite inferences, on which a fact question cannot be based.

We are instructed to utilize evidence that the premises owner received reports of the potential danger, or complaints of prior injuries to infer actual knowledge. *See University of*

---

[3] Evidence that the premises owner created the alleged premises defect can serve as circumstantial evidence that the owner had actual knowledge of the condition. *See Kreech v. Kroger Co.*, 845 S.W.2d 262, 265-66 (Tex. 1992).

*Texas-Pan American v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008). There is no such direct evidence of UTEP's knowledge in the record before us. Actual knowledge can also be established by circumstantial evidence; but again only when the evidence, directly or by reasonable inference, supports that conclusion. *Id*. When circumstantial evidence presents two equally plausible, but opposite inferences, neither can be inferred. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *Litton Indus. Prod., Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex. 1984). When circumstantial evidence is so slight that the choice between opposing plausible inferences amounts to nothing more than speculation, it is legally no evidence at all. *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001).

Based on Mr. Guerra's testimony, one could infer either that UTEP did, or did not create the remnant. Ms. Muro has not identified any additional evidence that would make one inference more plausible than the other. Without more, Mr. Guerra's testimony creates nothing more than the mere suspicion that UTEP created the condition, and therefore, cannot be the basis of a fact question. *See Litton Indus. Prod., Inc.*, 668 S.W.2d at 324. Issue One is sustained.

Because Ms. Muro has failed to raise a fact question regarding UTEP's actual knowledge of the condition, she is unable to establish a waiver of sovereign immunity under the TTCA. *See Payne*, 838 S.W.2d at 237. We therefore, decline to address whether this claim falls within the requirements of the Recreational Use Statute. *See City of Houston v. Harris*, 192 S.W.3d 167, 176 (Tex.App.--Houston [14th Dist.] 2006, no pet.).

The trial court's judgment is reversed and judgment is rendered dismissing this case for lack of subject-matter jurisdiction.

February 20, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)