In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00566-CV
_____

**THERESA WILSON, Appellant**

**V.**

**CBL/PARKDALE MALL GP, LLC A/K/A CBL PARKDALE MALL, LT,
CBL PARKDALE CROSSING, GP, CBL PARKDALE CROSSING, AND
CBL & ASSOCIATES, LLP, Appellees**

**On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-187,035**

**MEMORANDUM OPINION**

Theresa Wilson sued CBL/Parkdale Mall GP, LLC a/k/a CBL Parkdale Mall

LT, CBL Parkdale Crossing, GP, CBL Parkdale Crossing, and CBL & Associates,

LLP ("Parkdale") for premises liability. Parkdale filed a no-evidence motion for

summary judgment, which the trial court granted. In a single issue on appeal,

Wilson challenges the trial court's decision to grant Parkdale's no-evidence

motion. We affirm the trial court's judgment.

1

Factual Background

In her deposition, Wilson testified that she and her daughter were walking inside Parkdale Mall when she slipped in a red substance on the floor and fell onto her left side. Wilson testified that she had been looking straight ahead and never saw the substance before the accident, but that she probably would have seen the substance had she been looking down. MarKimmbra Smith, Wilson's daughter, testified that she saw a "nice size puddle" and stepped over it. She testified that the substance was "out in the open." Wilson testified that the substance probably came from a spilled drink. Smith testified that a custodian asked Wilson, "You didn't see that? This is not my area." According to Smith, Wilson asked the custodian why she had not cleaned the substance and the custodian replied, "But this is not my area." Wilson testified that the custodian cleaned the substance. Smith testified that the substance was sticky and the custodian had difficulty cleaning the substance.

Wilson stated that, before the accident, she did not see anyone cleaning the spill, any warning signs, or any cleaning supplies in the area. Wilson believed that Parkdale needed to hire more people to help with clean up. Smith did not believe Wilson could have done anything differently to avoid the accident. Smith felt that she could have warned Wilson about the liquid. Wilson testified that the fall injured her left shoulder and hip, both of which required surgery.

In its interrogatory responses, Parkdale admitted there were no warning signs in the area at the time of Wilson's fall. Parkdale also stated that it had no notice of the substance on the floor until after the accident. Parkdale explained that it contracts with a third party janitorial and security service and that party's employees cleaned the substance from the floor where Wilson fell and conducted a post-accident investigation. According to Parkdale, employees continuously patrol the mall for spills and hazardous conditions, and if any such spill or condition is observed or brought to the employee's attention, the area is secured and a warning sign is placed while the spill or condition is remedied.

When granting Parkdale's no-evidence motion, the trial court stated:

> **Actual Knowledge**: The plaintiff, in an effort to establish actual knowledge, present[s] [her] testimony which attributes a statement to an unidentified individual who was, purportedly, a member of the cleaning crew. According to the plaintiffs, after the fall, the slippery area was called to that individual's attention to which she responded "That's not my area[.]" While this might support a plausible inference of prior knowledge on the part of the individual, it could, likewise, support equally plausible inferences that would not establish actual knowledge. Under those circumstances, it is legally insufficient evidence.

> **Constructive Knowledge**: The only potential evidence of constructive knowledge contained in the record before the Court would be the proximity of the unidentified member of the cleaning crew to the condition in question. While proximity to the alleged hazard in question may be considered, it must be considered along with the "conspicuity and longevity" of the condition.

3

In the record before the Court, there is insufficient evidence for the Court to perform this analysis such that it could conclude that there is some evidence of constructive knowledge on the part of the defendant. (footnotes omitted).

## Summary Judgment

After an adequate time for discovery has passed, a defendant may move for summary judgment on grounds that there is no evidence of one or more essential elements of the plaintiff's claim. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the plaintiff produces summary judgment evidence raising a genuine issue of material fact. *Id.*; *Timpte Indus. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). We review the summary judgment evidence in the light most favorable to the party against whom summary judgment was rendered. *Gish,* 286 S.W.3d at 310. We credit evidence favorable to that party if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Id*.

To establish a premises liability claim, Wilson must show that (1) Parkdale had "actual or constructive knowledge of some condition on the premises," (2) "the condition posed an unreasonable risk of harm," (3) Parkdale "did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm," and (4) Parkdale's "failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused [Wilson's] injuries." *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006). Because Wilson was an "invitee", Parkdale owed "a

4

duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which [it] knew or should have known." *Del Lago Partners v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). In its no-evidence motion, Parkdale argued that Wilson could present no evidence to prove any of the above elements.

The threshold question that we must answer is whether Parkdale had actual or constructive knowledge of a dangerous condition on the premises. *See Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996). A slip-and-fall plaintiff satisfies the notice element by showing that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Wilson contends that (1) the custodian's statement that the liquid was not in her area constitutes evidence of actual knowledge; and (2) the liquid had existed for such a length of time that Parkdale had constructive knowledge of the liquid.

Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident, while constructive knowledge can be established by facts or inferences that a dangerous condition could develop over time. *City of*

*Corsicana v. Stewart*, 249 S.W.3d 412, 414-15 (Tex. 2008). When addressing actual knowledge, courts generally consider whether the premises owner received reports of prior injuries or the potential danger presented by the condition. *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008). Circumstantial evidence establishes actual knowledge only when it directly or by reasonable inference supports that conclusion. *Stewart*, 249 S.W.3d at 415. When circumstantial evidence is used to prove constructive knowledge, the evidence must show that it is more likely than not that the dangerous condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal-Mart Stores v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

An employee's proximity to a condition, without evidence of how long the condition existed, merely indicates that it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it. *Reece,* 81 S.W.3d at 816. If the condition is conspicuous, such as a large puddle of dark liquid on a light floor, an employee's proximity to the condition might shorten the time in which a factfinder could determine that the premises owner should reasonably have discovered it. *Id.* That an employee was in close proximity to a less conspicuous condition for a continuous and significant period of time could also affect the factfinder's consideration of whether the

premises owner should have become aware of the dangerous condition. *Id*. In either case, there must be some proof of how long the condition was present before liability can be imposed on the premises owner for failing to discover, rectify, or warn of the dangerous condition. *Id*.

The record does not indicate that Parkdale had received reports of prior injuries or the potential danger presented by the spilled substance. *See Aguilar*, 251 S.W.3d at 514. The custodian's statement that the spill was not in her assigned area could mean that she was aware of the spilled substance, but did not clean up the substance because she was not assigned to that area. The statement could also give rise to the equal inference that she was unaware of the spilled substance because she was not assigned to that area. A factfinder cannot infer an ultimate fact from such meager circumstantial evidence that gives rise to a number of inferences, none more probable than the other. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997); *see Gonzalez,* 968 S.W.2d at 936; *see also Univ. of Tex. at El Paso v. Muro*, 341 S.W.3d 1, 5-6 (Tex. App.—El Paso 2009, no pet.). Moreover, testimony that the substance was sticky and difficult to clean merely indicates that the substance possibly existed long enough for Parkdale to notice it. *See Gonzalez*, 968 S.W.2d at 938. Absent evidence demonstrating how long the

condition had existed, the custodian's proximity to the substance does not indicate that Parkdale reasonably should have discovered it. *See Reece*, 81 S.W.3d at 816.

Viewing the evidence in the light most favorable to Wilson, we conclude that Wilson did not produce summary judgment evidence raising a genuine issue of material fact to support the knowledge element of her premises liability claim. *See* Tex. R. Civ. P. 166a(i); *see also Gish*, 286 S.W.3d at 310. Accordingly, the trial court properly granted Parkdale's no-evidence motion for summary judgment disposing of Wilson's claim against Parkdale. We overrule Wilson's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 22, 2013
Opinion Delivered May 9, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.