# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51413

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2018

Lyle W. Cayce
Clerk

GLORIA ARMENDARIZ,

      Plaintiff - Appellant

v.

WAL-MART STORES, INCORPORATED; WAL-MART STORES TEXAS, L.L.C.,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CV-43

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Gloria Armendariz appeals the district court's grant of summary judgment for Wal-Mart on the basis that Armendariz failed to establish that Wal-Mart had actual or constructive knowledge of an improperly placed pallet. Because we conclude that the district court erred, we VACATE and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51413

## FACTS AND PROCEDURAL HISTORY

On December 18, 2013, Gloria Armendariz tripped over an improperly placed open-sided wooden pallet that was underneath a merchandise display of nail polish. While looking at the merchandise display, Armendariz's foot "got stuck" in the pallet. As she tried to move her foot, Armendariz fell, striking her left knee and arm and sustaining multiple injuries including a fractured wrist, torn rotator cuff, knee injury, and damage to a surgically-implanted bladder sling. While the nail polish display itself was straight, Armendariz contends that the pallet underneath was "improperly placed" at an angle, partially blocking the aisle. Armendariz said the pallet's placement made it "difficult and almost impossible to go through" the aisle.

Shortly after the fall, Wal-Mart Assistant Manager Harry Earsley and another store employee approached Armendariz. Armendariz claims that the Assistant Manager and her daughter discussed the improper placement of the pallet. She also alleges the Assistant Manager asked a co-worker "[w]hy wasn't this pallet placed right?" The co-worker did not respond. Armendariz's daughter helped her fill out an incident report, which said "[her] left foot got caught because the pallet was sticking to[o] far out."

Armendariz filed suit in Texas state court and Wal-Mart removed the suit to district court. During discovery, Armendariz deposed multiple Wal-Mart employees, including Cecilia Rodriguez, Luis Ramirez, and Earsley. Rodriguez stated that Wal-Mart employees place pallets for merchandise displays using a pallet jack, and all three employees agreed that employees must ensure that pallets are "straight and stable." Armendariz's own deposition and affidavit stated that, at the time of the incident, she was keeping a "proper lookout" and her shopping cart blocked the misplaced pallet from view. Wal-Mart moved for summary judgment on Armendariz's

2

No. 16-51413

premises liability claim, contending that there was no evidence to support the actual or constructive knowledge element and, in the alternative, that Wal-Mart had no duty to Armendariz because the misaligned pallet was open and obvious.

The district court granted summary judgment on all claims, holding that Armendariz failed to establish the actual or constructive knowledge element of premises liability. The court also found that Armendariz had not presented "*any evidence* that the misaligned pallet occurred for such a prolonged duration to give [Wal-Mart] constructive notice." Thereafter, Armendariz filed this appeal.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same legal standard as the district court. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010); *see also Berquist v. Washington Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding whether a fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party." *Berquist*, 500 F.3d at 348.

## DISCUSSION

Under Texas law, a premises owner owes a duty to invitees to "exercise reasonable care to protect against danger from a condition on the land that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). Texas courts have repeatedly stated that this duty "does not make the possessor an insurer of the invitee's safety."

No. 16-51413

*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *see also CMH Homes*, 15 S.W.3d at 101 ("The duty owed by an owner or occupier of premises to an invitee is not that of an insurer.").

To prevail on a premises liability claim, a plaintiff must prove four elements: (1) the owner had "actual or constructive knowledge of some condition on the premises"; (2) "the condition posed an unreasonable risk of harm"; (3) the owner "did not exercise reasonable care to reduce or eliminate the risk"; and (4) the owner's "failure to use such care proximately caused the plaintiff's injury." *Id.* at 99.

**I. Whether the district court erred in holding that Armendariz could not establish that Wal-Mart had actual or constructive knowledge of the dangerous condition.**

Armendariz asserts that the evidence raises a genuine issue of material fact as to Wal-Mart's actual knowledge of a defective condition, i.e., the misaligned pallet. Armendariz asserts that Wal-Mart created the dangerous condition because a Wal-Mart employee incorrectly placed the pallet and Wal-Mart's use of open-sided pallets under merchandise displays created an unreasonable risk to customers.

Wal-Mart counters that summary judgment is appropriate because Armendariz did not provide evidence of actual or constructive notice. Further, Wal-Mart argues that the improperly placed pallet was "open and obvious," thus, Wal-Mart had no duty to warn invitees or otherwise insure Armendariz's safety.

Actual knowledge may be established by circumstantial evidence of knowledge. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 266 (Tex. 1992). But where "circumstantial evidence is so slight that the choice between opposing plausible inferences amounts to nothing more than speculation, it is legally no evidence at all." *Univ. of Tex. at El Paso v. Muro*, 341 S.W.3d 1, 5 (Tex. App. – El Paso

2009) (*citing Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001)).  "Proof that the premises owner . . . created a condition which poses an unreasonable risk of harm may constitute circumstantial evidence that the owner or occupier knew of the condition." *Keetch*, 845 S.W.2d at 266.

Texas courts have denied summary judgment where there is a genuine issue of material fact as to whether a store created the defective merchandise display.  *Leffall v. Kroger Co.*, 2005 WL 1313417 (N.D. Tex. May 31, 2005); *Ridner v. Walgreen Co.*, 2002 WL 31840799 (Tex. App.—El Paso Dec. 19, 2002)).  In *Ridner*, a five-pound automobile security device fell off a pegboard display onto a customer's foot.  *Id.* at *5 (citing *Keetch*, 845 S.W.2d at 266).  The *Ridner* court said that "mere creation" of a condition which poses an unreasonable risk of harm "does not establish knowledge as a matter of law." *Id.* at *4.  There was also testimony by a safety engineer that in his opinion, the store "should have recognized the display posed a hazard." *Id.*  But the court found a genuine issue of material fact based on other evidence, including corporate guidelines regarding the placement of goods in such a display and testimony by a store manager that "he would have concerns about the safety" of the display if it matched plaintiff's description. In *Leffall*, the court found a genuine issue of material fact where a jury could find that a store "constructed [a] display using timbers, placed it in a pathway used by customers, later decided to empty it of plants, and thereby created the condition." *Leffall*, 2005 WL 1313417 at *1.

Wal-Mart attempts to distinguish these cases on the basis that neither involved an assertion that an unknown person could have altered the merchandise display after an employee placed it.  Instead, Wal-Mart cites *Muro*, where testimony indicated it was just as plausible that special event staff not affiliated with the university had removed a steel sign-post as it was

that the university's ground crew had done it. *Muro*, 341 S.W.3d at 2, 5-6. But Wal-Mart has offered no plausible alternative theory here.

Here, the evidence shows that Wal-Mart employees generally place pallets, which are often large and heavy, in the store using a pallet jack. The merchandise display was straight but the pallet beneath it was misaligned. This indicates the unlikelihood of a customer having caused the misaligned packet by bumping and moving the heavy pallet without also moving the merchandise display. Moreover, the assistant manager's statements indicate that an employee placed the misaligned pallet.

Viewing the facts and inferences in the light most favorable to Armendariz, we conclude that the evidence is sufficient to raise a genuine issue of material fact as to Wal-Mart's actual knowledge. Thus, the district court erred.

## II. Whether summary judgment was appropriate because the dangerous condition was "open and obvious."

Wal-Mart asserts that even if it had knowledge, summary judgment was still properly granted because the misaligned pallet was "open and obvious."

Under Texas law, "a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Austin v. Kroger*, 465 S.W.3d 193, 204 (Tex. 2015). A condition that is "open and obvious is proof of knowledge and appreciation as a matter of law." *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 521 (Tex. 1978). This is an objective inquiry. Further, "whether a dangerous condition is concealed or obvious is not controlled by whether the invitee had personal, subjective knowledge or awareness of it." *Martin v. Gehan Homes Ltd.*, 2008 WL 2309265, at *2 (Tex. App.—Austin, June 4, 2008).

No. 16-51413

Armendariz asserts that the misaligned pallet was not open and obvious. She contends that she was keeping a "proper lookout" while shopping, and that she could not see the pallet because of its height, her shopping cart, and because she was looking at the display. Her daughter stated that a person "looking at the display, straight ahead, eye level, [ ] wouldn't see the pallet sticking out at a corner." In other words, the misaligned pallet would not be obvious to someone pushing a shopping cart and looking at eye-level merchandise "in the manner contemplated that shoppers would do." *Safeway Stores, Inc. v. Leck*, 543 S.W.2d 207, 210 (Tex. App.–Waco 1976).

In reviewing the facts in the light most favorable to Armendariz, we conclude that there are genuine disputes as to material facts regarding the placement of the misaligned pallet and whether it was open and obvious. Thus, summary judgment was not appropriate.

For the reasons set out herein, the judgment of the district court is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.