IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 10, 2026 Session

### CRYSTAL LEE MARTIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County
Nos. 83CC1-2025-CR-461, 88CC1-2023-CR-715, 83CC1-2019-CR-121
Dee David Gay, Judge**

———————————————————

**No. M2025-01396-CCA-R3-PC**

———————————————————

The Petitioner, Crystal Lee Martin, entered an *Alford* or "best interest" plea to DUI on March 17, 2025, and her sentence was immediately executed as time served. On July 17, 2025, the Petitioner filed multiple post-conviction motions, including a "post-conviction relief packet," which was related to her DUI offense, and also to a separate offense to which she had previously pleaded guilty, been given probation, and her ensuing probation violation convictions. The post-conviction court entered an order stating that the petition was not signed under oath subject to penalty of perjury and gave the Petitioner fifteen days to file an amended petition, and it denied all her other motions. The Petitioner filed a motion stating that her petition was, in fact, properly verified and indicating her refusal to file an amended petition. The post-conviction court summarily dismissed the petition. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and MATTHEW J. WILSON, JJ., joined.

Crystal Lee Martin, Goodlettsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Assistant Attorney General; and Thomas B. Dean, District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from one of two indictments that the Petitioner faced. For the first indictment, on November 18, 2019, the Petitioner pleaded guilty to attempted aggravated

neglect of a child under eighteen years old, and she received a sentence of six years at thirty percent to be served on community corrections after six months of confinement. The Petitioner then violated her probation on three occasions. On the first occasion, she was charged with domestic assault, the Petitioner pleaded guilty, and on January 20, 2021, the trial court ordered her to serve thirty days in confinement and then be returned to probation. On the second occasion, she was charged with testing positive for THC, pleaded guilty, and the trial court reinstated her probation. On the third occasion, the Petitioner was charged with driving under the influence ("DUI"). The trial court held a hearing on May 17, 2024, during which the State presented evidence that the Petitioner's blood alcohol content was 0.212-gram percent. The trial court revoked her probation and ordered her to serve her sentence in confinement.

> As the hearing concluded, the [Petitioner] began to speak out in open court despite multiple warnings by the trial court to cease. The [Petitioner] referred to the trial court as a "gangster Sumner County cartel." The State requested the [Petitioner] be found in contempt of court, and the trial court agreed. Ultimately, the trial court sentenced the [Petitioner] to an additional 10 days to be served consecutively to her original sentence.

*State v. Crystal Lee Martin*, No. M2024-00876-CCA-R3-CD, 2025 WL 574301, *1-2 (Tenn. Crim. App. Feb. 21, 2025).

The Petitioner appealed, and we concluded that the trial court did not abuse its discretion when it found that she violated her probation but that it had not made adequate findings to support its decision to order confinement. We were constrained to order a remand for the trial court to place on the record its reasoning for the consequence imposed. *Id.* We affirmed the trial court in all other regards in its rulings on the Petitioner's various motions. *Id.* The trial court stated in one of its orders that, upon remand, it entered an order with the requisite findings to support its confinement decision.

The second indictment, which is the subject of this appeal, was for DUI. The Petitioner was appointed an attorney, and she asked for four different attorneys to withdraw. She then represented herself and entered a "best interest" plea to DUI on March 17, 2025. The Petitioner was given a "time served" sentence, and the case was concluded. The Petitioner then filed a petition for post-conviction relief contending that her counsel was ineffective in that case and several motions relating to both cases.

In the child neglect case, she filed a motion to vacate her conviction and withdraw her guilty plea and a motion to produce sentencing transcript. In the DUI case, she filed a motion to produce transcripts. She also filed a complaint against a judge pursuant to the

2

code of judicial conduct and then a federal civil complaint against the judge and the district attorney's office.

On July 30, 2025, the trial court filed an order in which it stated:

> On July 17, 2025, Petitioner filed a Pro Se Petition for Post-Conviction Relief in Case No. 83CC1-2023-CR-715 [the DUI case]. This sentence was "terminated" immediately after her conviction on March 17, 2025. Usually a petitioner must be "in custody" to file a Petition for Post-Conviction Relief, however, since this is a DUI Conviction, the Petitioner is still subject to collateral legal consequences from her expired sentence – an enhanced conviction if convicted of another DUI. *Dates v. State*, 2017 WL 347797 (Tenn. Crim. App. 2017).
>
> This Petition was not signed under oath subject to a penalty for perjury.
>
> Therefore, this Court is requesting that the Petitioner amend the Petition that should be signed under oath subject to a penalty for perjury. **The Amended Petition must be filed by August 15, 2025.**

On that same date, the trial court filed an order denying the Petitioner's Motion to Recuse. The trial court noted that this was not the Petitioner's first Motion to Recuse and that it had held a hearing on such a motion, although improperly filed, on August 15, 2024. The trial court noted that the Petitioner had not complied with Rule 10B, section 1, 1.01 of the Rules of the Tennessee Supreme Court regarding such motions.

The trial court went through each of the Petitioner's additional motions. About the motion to vacate her child neglect conviction, the trial court found that, "There is no post-conviction procedure that merely allows a sentence to be 'vacated' unless a matter has been reversed by the Court of Criminal Appeals or unless by an order granting Post-Conviction Relief or a Habeas Corpus Petition." The trial court found:

> Further, there is nothing pending in Case No. 83CC1-2019-CR-121 [the child neglect case]. As stated above, the Petitioner pled guilty, was sentenced, and her sentence was placed into effect after a third (3rd) probation violation for a DUI arrest. The Petitioner appealed the imposition of her original sentence after her sentence was imposed at a probation violation hearing. The sentence was affirmed by the Court of Criminal appeals but remanded to this Court to make findings "concerning the consequence imposed for the revocation." . . . .

3

This Court immediately filed an Order as mandated.

The court dismissed the motion to vacate.

About the motion to withdraw her guilty plea from May 30, 2019, also in the child neglect case, the trial court found that "The Petitioner can only withdraw a guilty plea before the judg[ment] becomes final." The trial court denied the motion to withdraw the guilty plea as the judgment had long been final.

The trial court denied the motion to produce the transcript of the sentencing hearing in the neglect case at the State's expense. It found that there were no outstanding issues, motions, petitions or appeals that would necessitate the transcript.

In the DUI case, the Petitioner had filed a motion to produce the transcript at the State's expense. The trial court noted that it had asked the Petitioner to amend the petition for post-conviction relief in this case. It ordered that the motion be held in abeyance until after the Petitioner filed an amended petition for post-conviction relief.

The trial judge held that it did not have jurisdiction over the complaint against him pursuant to the code of judicial conduct. It finally noted that the Petitioner included a document in her packet regarding a federal civil case in which he was listed as one of eight defendants. The document showed that the case was filed August 19, 2024. The court said it had not been served and knew nothing in the matter beyond the Petitioner's filing. The court's order on all of the Petitioner's motions was filed on July 30, 2025.

On August 4, 2025, instead of filing an amended post-conviction petition that complied with the rules of procedure, the Petitioner filed a motion to alter or amend judgment. In it, she alleged that the trial court's order failed to honor the "liberal construction of pro se filings" and "dismisses a verified Post-Conviction Relief Packet with a blanket denial lacking reasoned explanation, specificity, or meaningful engagement with constitutional claims raised therein." She went on that "This failure to engage with the content of Petitioner's filing undermines the integrity of the judicial review process and ignores long-standing precedent requiring trial courts to examine the substance, not the label, of pleadings filed by unrepresented litigants." The Petitioner contended that the court's "lack of specificity constitutes reversible error and necessitates a ruling on this Motion to Alter or Amend Judgment." The Petitioner maintained that the trial court erred when it denied each of her other motions.

Specifically, about the verification of the post-conviction petition, the Petitioner states:

4

Petitioner respectfully challenges the Court's procedural directive issued in the order dated July 17, 2025,[1] which instructs Petitioner to submit an amended post-conviction petition "under oath, subject to the penalty of perjury" by August 15.

Petitioner notes that this directive is factually and procedurally unsupported and appears to stem from judicial conflation of filings across separate case numbers, as documented extensively throughout the record.

- The post-conviction petition filed in Case No. 2023-715 is clearly titled and certified in the scanned PDF filed on July 17, 2025, directly following the Affidavit of Indigency, and spanning six consecutive pages.
- Page six of six of the petition includes a signed verification statement affirming that "the facts stated herein are true and correct to the best of my knowledge," explicitly sworn under penalty of perjury, in compliance with Tenn. Code Ann. Sec. 40-30-104(e) and Rule 28 of the Tennessee Rules of Post-Conviction Procedure.
- The cited order erroneously claims the petition" was not signed under oath subject to the penalty of perjury," and demands an amended petition that includes such verification – despite the fact that this language already appears in the original filing and was properly notarized and timestamped.

    The error appears rooted in judicial confusion between the verified post-conviction petition and the motion to recuse . . . .

On this same date, the Petitioner filed an Amended Motion to Recuse.

Despite the trial court's order giving the Petitioner until August 15, 2025, to file an amended petition, on August 11, 2025, the trial court dismissed the petition for post-conviction relief. The trial court noted that the Petitioner's August 4, 2025 filing made it clear that she challenged the court's order and believed the court was incorrect in making its request.

The trial court found:

---

[1]The order was actually filed July 30, 2025.

5

This Court has serious questions about the Petitioner affirming to herself the veracity of her petition. This needs to be done under oath to a person authorized to take the oath. This request was not difficult nor was it beyond the requirements of the Post-Conviction Relief Act.

This is a sad commentary to the Petitioner's attitude of rebellion, non-compliance with requests, and to the inappropriate courtroom reactions from the Petitioner upon instruction from the Court. The Petitioner takes advantage of Pro Se Representation.

In this DUI case the Petitioner asked four (4) separate well-qualified appointed attorneys to withdraw. The Petitioner was held in contempt on at least four (4) occasions. When she entered her best-interest plea to a DUI on a time served and terminated sentence, the Court had asked the Assistant District Attorney and the Petitioner to discuss a settlement of the case in open court because the Court didn't want the Petitioner to meet alone with the Assistant District Attorney, as she insisted after four (4) appointed attorneys that she wanted to represent herself.

The trial court then recited the definition of "under oath" as related to the post-conviction petition. It found that the Petitioner's answer to the court's request to amend her petition was intentional and knowingly made and that she refused to amend her petition. It dismissed her petition.

The Petitioner filed her Notice of Appeal on August 21, 2025. On September 8, 2025, she filed a Motion to Compel Written Ruling on Amended Motion to Recuse. The trial judge entered an order on September 22, 2025, in which he stated that by the time her September 8, 2025 motion had been filed, all orders disposing of her motions had been filed, effectively terminating those issues raised so that this court could review the Petitioner's appeal.

It is from this judgment that the Petitioner now appeals.

## B. Analysis

On appeal, the Petitioner contends that: (1) the trial court erred when it dismissed her "verified post-conviction petition without substantive review" when it had a "notarized verification page"; (2) the trial court's denial of her request for sentencing and plea transcripts violated her statutory rights; (3) the trial court's retention of court costs contravened appellant's indigency status and plea agreement, which waived all fines, fees and court costs except the statutory DUI fine; (4) the trial court's failure to rule on the

6

Petitioner's amended motion violated her due process rights; (5) the cumulative effect of "procedural mischaracterizations, selective enforcement, and judicial inaction deprived [the Petitioner] of her rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution."

## 1. Post-Conviction Petition

The Petitioner contends that the trial court erred when it dismissed her petition for post-conviction relief because it had a "notarized verification page." The State notes that the Petitioner signed the petition but that, while there is a notary stamp, there is no notary signature. In light of this omission, the trial court gave the Petitioner fifteen days to amend the petition, but the Petitioner asserted that her petition contained a "sworn affidavit" and would not comply or submit an amended filing.

The issue in this case is whether the trial court properly summarily dismissed the petition for post-conviction relief because it did not comply with the oath requirement of the Post-Conviction Procedure Act. This is an issue of statutory interpretation, and questions of statutory interpretation are questions of law reviewed de novo without a presumption of correctness. *Donovan v. Hastings*, 652 S.W.3d 1, 6 n.12 (Tenn. 2022) (citing *Beard v. Branson*, 528 S.W.3d 487, 494-95 (Tenn. 2017))

Post-conviction relief in Tennessee is "entirely a creature of statute," and its "availability and scope . . . lies within the discretion of the General Assembly." *Bush v. State*, 428 S.W.3d 1, 15-16 (Tenn. 2014) (citing *Pike v. State*, 164 S.W.3d 257, 262 (Tenn. 2005)). As such, the General Assembly "may set up reasonable procedural requirements" for post-conviction claims and those claims "may be terminated for failure to comply with a reasonable procedural rule without violating due process rights." *Seals v. State*, 23 S.W.3d 272, 277 (Tenn. 2000) (internal citation omitted).

Tennessee Code Annotated section 40-30-102(a) requires a petition for post-conviction relief to be filed within one year of the date on which the judgment became final unless certain exceptions set forth in subsection (b) apply. The statutory requirements for filing a post-conviction petition are set forth in Tennessee Code Annotated section 40-30-104 which states that "[t]he petitioner shall provide all information required by this section" and that "[t]he petition and any amended petition shall be verified under oath." T.C.A. § 40-30-104(b), (e) (emphasis added). Section (d) states that "The petitioner shall include all claims known to the petitioner for granting post-conviction relief and shall verify under oath that all the claims are included." T.C.A. § 40-30-104(d). The statute further requires that "The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not

previously presented in any earlier proceeding. The petition and any amended petition shall be verified under oath." T.C.A. § 40-30-104(e).

Tennessee Code Annotated section 40-30-106 sets forth the post-conviction court's preliminary considerations upon the filing of a petition and requires, among other duties, the court to confirm that the petition is verified under oath by the Petitioner. *See Schklar v. State*, No. M2025-00907-CCA-R3-PC, 2026 WL 473332, at *3 (Tenn. Crim. App. Feb. 19, 2026) ("Preliminary considerations include ensuring that the petition shall be verified under oath by the petitioner.") (citing *Stubbs v. State*, 216 Tenn. 567, 576 (Tenn. 1965) ("when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary" and also BLACK'S LAW DICTIONARY (12th ed. 2024) (stating that the ordinary use of the word "shall" is "the mandatory sense that drafters typically intended and that courts typically uphold.")). This court has stated that "verified under oath" means that the "'petitioner's verification under oath' be sworn in the presence of a notary public." *Griffin v. State*, 2022 WL 236697 (Tenn. Crim. App. 2002). If the petition, on its face, indicates that it is not properly before the court or was not filed within the statute of limitations, the court "shall enter an order dismissing the petition." T.C.A. § 40-30-106(b).

Despite the mandatory language setting out the requirements of a post-conviction petition, the legislature has granted trial courts the limited authority to allow a *pro se* petitioner to correct a deficient petition. "If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed." T.C.A. § 40-30-106(d); Tenn. Sup. Ct. Rule 28, § 6(B).

The petition herein, entitled "Petition for Post-Conviction Relief," is six pages and goes through the procedural history of the case, the grounds for relief, and the relief requested. The final page is an "Affidavit of Factual Basis" in which the Petitioner affirms under penalty of perjury that the facts herein are true and correct to the best of her knowledge. As reflected below, the page is signed by the Petitioner, and her name is printed below her signature. There is no notary stamp or signature.

I, **Crystal Lee Martin**, affirm under penalty of perjury that the facts stated herein are true and correct to the best of my knowledge. I have personally witnessed or experienced each event described and possess supporting documentation in the form of filings, court transcripts, retainer agreements, and personal notes. This petition is not filed for purposes of delay or harassment but as a sincere request for judicial correction.

Signature: _Crystal Mart_

**Printed Name:** Crystal Lee Martin

**Date:** 7/16/2025

The next attachment is entitled "Sworn Statement and Legal Memorandum In Support of Motion to Vacate." In the Petitioner's listing of supporting documents, she states that her motion to vacate is related to her child neglect conviction. In the "Sworn Statement and Legal Memorandum In Support of Motion to Vacate" she references her "third violation of probation," which would indicate that she is referencing her child neglect conviction. The case number at the top of the motion, however, references her DUI case number. The memorandum, however, discusses many of the facts related to her probation violation case, and it appears to mostly be a summary of her complaints and allegations of judicial misconduct against the trial judge. The document concludes "I make this affidavit to support my post-conviction petition, specifically in relation to claims of coercion, judicial misconduct, and denial of meaningful access to adversarial process." This motion has a section for a notary public. As reflected below, it is stamped by a notary, Tameisha Cain, and the commission date is included. However, the notary did not sign the document.

Executed on: **07/16/2025**


Signature: _Pg. 13_____

Crystal Lee Martin

**STATE OF TENNESSEE COUNTY OF SUMNER**

Subscribed and sworn to before me on this ___ day of _____, 2025,

Notary Public

My commission expires: _____

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: **07/15/2025**

Signature: *Crystal Martin*

Crystal Lee Martin

**STATE OF TENNESSEE COUNTY OF SUMNER**

Subscribed and sworn to before me on this 15 day of July, 2025,

Notary Public

My commission expires: Mar 6, 2029

TAMEISHA CAIN
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY
My Commission Expires Mar. 6, 2029

Based upon the lack of oath to the petition for post-conviction relief and based upon the lack of signature on the Motion to Vacate, the trial court noted that the petition was deficient. Rather than dismiss the petition, as it was filed pro se, the trial judge gave the Petitioner fifteen days to file a petition that complies with the oath requirement and told her that if she did not, the petition would be dismissed. *See* T.C.A. § 40-30-106(d); Tenn. Sup. Ct. Rule 28, § 6(B).

We conclude that the trial court did not err when it subsequently dismissed the Petitioner's petition. The petition does not contain the requisite oath to the petition for post-conviction relief, which is a statutorily enacted requirement. Further, even were we to consider the Motion to Vacate as a part of the petition to post-conviction relief, which is not clearly the case, the oath on the Motion to Vacate is similarly not complete. Tennessee Code Annotated section 8-16-112 (2024) mandates that:

11

(a) A Tennessee notary public is authorized to act in any county in the state and has the power to acknowledge signatures upon personal knowledge or satisfactory proof, to administer oaths, to take depositions, to qualify parties to bills in chancery, and to take affidavits, in all cases. Furthermore, in all such cases the notary public's seal shall be affixed and the notary public *shall sign such documents in ink by the notary's own hand unless otherwise provided by law.*

(b) The requirement of a notary public's signature in ink or by the notary's hand and a seal is satisfied if an electronic signature or a digitized image of a wet signature of the person authorized to perform that act, and all other information required to be included, is attached to or logically associated with the document or signature. A physical or electronic image of a stamp, impression, or seal need not accompany an electronic signature.

(emphasis added). The notary did not sign the Motion to Vacate. The trial court allowed the Petitioner fifteen days to file an amended petition, she filed a motion indicating she did not intend to file an amended petition, and the trial court properly dismissed her petition for post-conviction relief. The Petitioner is not entitled to relief on this issue.

## B. Transcript Request

The Petitioner next contends that the trial court's denial of her request for sentencing and plea transcripts violated her statutory rights. The State correctly notes that the Petitioner has waived this issue because her brief does not indicate which transcripts to which she refers.

"It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Smith v. Hughes*, 639 S.W.3d 627, 648 (Tenn. Ct. App. 2021) (citing *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010); *see also Lunsford v. K-VA-T Food Stores, Inc.*, No. E2019-01272-COA-R3-CV, 2020 WL 1527002, at *6 (Tenn. Ct. App. Mar. 31, 2020) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.")). The Petitioner has waived the issue by not referring specifically to the record, not stating to what transcript she refers, and by simply stating that the "trial court's refusal to grant [her] transcript requests prevented a meaningful review of her constitutional claims and was contrary to law."

12

Although waived, we note that in her filings below, the Petitioner asked the trial court to, at the State's expense, have transcribed the sentencing hearing in the neglect case and the hearing from her "best interest" plea. As to the sentencing hearing, the trial court found that there were no outstanding issues, motions, petitions or appeals that would necessitate the transcript. About the DUI hearing, it held the issue in abeyance until after the Petitioner filed an amended petition for post-conviction relief, which she ultimately failed to do. The trial court's rulings were clearly sound in both regards.

### C. Retention of Court Costs

The Petitioner contends that the trial court's retention of court costs contravened appellant's indigency status and plea agreement, which waived all fines, fees and court costs except the statutory DUI fine. While not clear, she states that the plea agreement waived all fines, fees, and court costs except for the mandatory DUI fine. She then asserts that the trial court retained $511 in court costs. The Petitioner did not raise this issue in the lower court, so it is waived. *See Walsh v. State*, 166 S.W.3d 641, 645-46 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal."). The Petitioner is not entitled to relief on this issue.

### D. Amended Motion to Recuse

The Petitioner contends that the trial court violated her due process rights when it refused to rule on her amended motion to recuse. The trial court addressed the Petitioner's motion to recuse by noting that this was not the Petitioner's first Motion to Recuse and that it had held a hearing on such a motion, although improperly filed, on August 15, 2024. The trial court noted that the Petitioner had not complied with Rule 10B, section 1, 1.01 of the Rules of the Tennessee Supreme Court regarding such motions.

The Petitioner then filed an Amended Motion to Recuse on August 4, 2025. On September 8, 2025, the Petitioner filed a Motion to Compel a Written Ruling on her Amended Motion to Recuse, arguing that the trial court had not ruled on her amended motion. The trial court filed an order on September 22, 2025. In it, the court stated: "By the time that this [September 8] motion had been filed . . . all orders disposing of all Petitioner's filed motions had been filed." It went on that "[t]hese orders effectively terminated those issues raised, completing all matters before the Court on the above cases. These orders disposed of these cases in Criminal Court, leaving open the Petitioner[']s right to appeal any ruling or order."

The trial court did not err by declining to rule on the Petitioner's Amended Motion to Recuse. The trial court had previously denied the Petitioner's Motion to Recuse,

13

explaining its reasoning. The Petitioner filed numerous motions, and the record indicates the Petitioner's animosity toward the trial court. The trial court adeptly attempted to address and rule on each motion. The trial court entered a final order on August 11, 2025, allowing the Petitioner to appeal her case to this court. The Petitioner entered her Notice of Appeal on August 21, 2025, and then filed a motion on September 8, 2025, seeking further review of her previous motions.

The Petitioner's Amended Motion to Recuse did not raise issues that were wholly different from her Motion to Recuse, which was also similar to her previous Motion to Recuse. As we said in our previous decision on appeal, the trial court did not err when it denied the Motion to Recuse.

We further note that the Petitioner again has not adequately briefed this issue, so to the extent that there is any error, it is waived. Tennessee Rule of Appellate Procedure 27(a)(7) requires that the appellant set forth an argument for each issue, along with "the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]" Tenn. R. App. P. 27(a)(7). Similarly, Rule 10(b) of the Rules of this Court states plainly that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). The Petitioner is not entitled to relief on this issue.

### E. Cumulative Effect

The Petitioner finally contends that the cumulative effect of "procedural mischaracterizations, selective enforcement, and judicial inaction deprived [the Petitioner] of her rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution." The State argues that the Petitioner has failed to show that the post-conviction court erred, so there is no cumulative effect of any errors. We agree.

The cumulative error doctrine is a judicial recognition that there may be multiple errors committed in trial proceedings, each of which in isolation constitutes mere harmless error, but which when aggregated, have a cumulative effect on the proceedings so great as to require reversal in order to preserve a defendant's right to a fair trial. *State v. Hester*, 341 S.W.3d 1, 77 (Tenn. 2010 (citations omitted). To warrant assessment under the cumulative error doctrine, there must have been more than one actual error committed in the trial proceedings. *State v. Guy*, 165 S.W.3d 651, 667 (Tenn. Crim. App. 2004). This can apply in the post-conviction context where, for instance, the Petitioner can show multiple instances of deficient performance by counsel. *See McKinney v. State,* No. W2006-02132-CCA-R3-PD, 2010 WL 796939, at *37 (Tenn. Crim. App. Mar. 9, 2010), perm. app. denied (Tenn. Aug. 25, 2010); *Martin v. State*, No. E2022-00688-CCA-R3-PC,

2023 WL 3361543, at *5 (Tenn. Crim. App. May 11, 2023), *perm. app. denied* (Tenn. Sept. 11, 2023). Cumulative error, however, does not apply where the petitioner has failed to show any instances of error. *Id.*

We have found no instances of error in the trial court's rulings. As such, the doctrine of cumulative error is not applicable.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgment.

_____s/ *ROBERT W. WEDEMEYER*__
ROBERT W. WEDEMEYER, PRESIDING JUDGE