

**NUMBER 13-18-00143-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ALTON JORDAN,**
**TDCJ # 000640541,**                                                                    **Appellant,**

**v.**

**RAFAEL MENCHACA, ET AL.,**                                                         **Appellees.**

---

### On appeal from the 36th District Court
### of Bee County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Longoria**

Appellant Alton Jordan is an inmate housed in the Texas Department of Criminal Justice—Institutional Division (TDCJ—ID) at the McConnell Unit in Beeville, Texas. Jordan brought suit pro se and *in forma pauperis* against multiple defendants employed by TDCJ—ID for breach of contract, quantum meruit, promissory estoppel, replevin,

detine, bailment, and various claims under Chapter 42, sections 1983 and 1985 of the United States Code. *See* 42 U.S.C.A. §§ 1983, 1985 (West, Westlaw through P.L. 116-5). The trial court dismissed Jordan's claims with prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West, Westlaw through 2017 1st C.S.). By five issues which we combine into two, Jordan argues that (1) the trial court erred by dismissing his case with prejudice and (2) the associate judge did not have authority to rule on the case because Jordan filed an objection to the associate judge's appointment to the case. We affirm.

## I. BACKGROUND

Jordan filed a Step 1 grievance on October 12, 2015 concerning some of Jordan's possessions that were allegedly confiscated but never returned; he received a response on December 30, 2015. He filed a Step 2 grievance on January 8, 2016. He received a response to his Step 2 grievance on February 19, 2016. On July 7, 2017, Jordan filed suit against appellees Ashley Bustos, Rafael Menchaca, Abimael Infante, Christopher Pauley, Kenneth Putnam, and an unknown defendant regarding the confiscation.

On July 27, 2017, the trial court sent notice to the parties that an associate judge was being assigned to the case. Jordan claims that he filed an objection to the assignment of the associate judge on August 4, 2017, but no such objection appears in the record.

On September 22, 2017, the Office of the Attorney General filed an amicus curiae advisory asking the court to dismiss the case. *See id*. §§ 14.003–.005. On February 22, 2018, the trial court dismissed all of Jordan's claims with prejudice for failure to comply

2

with Chapter 14 of the Texas Civil Practice and Remedies Code. *See id.* This appeal ensued.

## II. DISCUSSION

In his first issue, Jordan argues that the trial court abused its discretion by dismissing his claims.

### A. Standard of Review

We review a dismissal under Chapter 14 for an abuse of discretion. *See Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Jackson v. Tex. Dep't of Crim. Justice—Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding principles or rules. *Brewer v. Collins,* 857 S.W.2d 819, 822 (Tex. App.—Houston [1st Dist.] 1993, no writ). However, the specific issue of whether there is an arguable basis in law is reviewed de novo. *See Moreland*, 95 S.W.3d at 394.

### B. Applicable Law

A trial court may dismiss an inmate's claim, either before or after service of process, on any number of grounds. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003–.006; *see also Gross v. Carroll,* 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("A trial court may dismiss an inmate's lawsuit for failing to comply with the procedural requirements of Chapter 14."). Trial courts have broad discretion in dismissing a case under Chapter 14 because: "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state

3

officials, courts, and meritorious claimants." *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see also Zavala v. Bustos*, No. 13-17-00597-CV, 2018 WL 3764568, at *1 (Tex. App.—Corpus Christi Aug. 9, 2018, no pet.) (mem. op.).

"An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until he receives a written decision issued by the highest authority provided in the grievance system." *Id.* at 654; *see* TEX. GOV'T CODE ANN. § 501.008(d)(1) (West, Westlaw through 2017 1st C.S.). The grievance system provides the exclusive administrative remedy for all claims by an inmate while incarcerated except for any "remedy provided by writ of habeas corpus challenging the validity of an action occurring before the delivery of the inmate" to the prison facility. TEX. GOV'T CODE ANN. § 501.008(a). "A court *shall* dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (emphasis added); *see Moreland*, 95 S.W.3d at 394.

A trial court may also dismiss a claim as frivolous or malicious under Chapter 14 based on the following factors: the claim's ultimate chance of success; whether the claim has an arguable basis in law or fact; whether it is clear that the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2); *Hamilton v. Williams,* 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory." *Fernandez v. T.D.C.J.*, 341 S.W.3d

4

6, 13 (Tex. App.—Waco 2010, no pet.) (quoting *Hamilton*, 298 S.W.3d at 339). Dismissal with prejudice is improper if the dismissal is based on procedural defects that the inmate can correct. *See Fernandez*, 341 S.W.3d at 13. However, if the claim has no arguable basis in law, then dismissal with prejudice is proper. *Id.*

**C. Chapter 14 Dismissal**

In his unsworn declaration, Jordan admits that he received his Step 2 grievance response on February 19, 2016. He brought the present suit against appellees on July 7, 2017, which is more than thirty-one days after he received a response to his Step 2 grievance. Because suit was not timely filed, Jordan's claims have no arguable basis in law, and it was appropriate to dismiss his claims with prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; *Fernandez*, 341 S.W.3d at 13.

Jordan contends that his suit was timely filed because sections 1983 and 1985 both have a two-year statute of limitations. *See* 42 U.S.C.A. §§ 1983, 1985. In other words, Jordan is arguing that because he is filing his suit under federal law, he does not have to comply with state procedural rules. We disagree. In *Woodford*, an inmate incarcerated in the California prison system filed a suit under section 1983. *See Woodford v. Ngo*, 548 U.S. 81, 87 (2006). The Supreme Court ruled that the inmate still had to comply with state administrative exhaustion requirements. *Id.* at 90. In *Gilbert v. Texas Department of Criminal Justice*, the court applied this ruling to Texas state laws on administrative exhaustion requirements and held that even when an inmate is asserting a section 1983 claim, all administrative procedures must be "properly and timely complied with." 490 S.W.3d 598, 609 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Ultimately, the court concluded that a 42 U.S.C. § 1983 claim must be brought within thirty-one days

5

of receiving notice of the grievance decision. *See id*. Therefore, Jordan still needed to file his suit within thirty-one days of receiving a response to his Step 2 grievance. *See Fernandez*, 341 S.W.3d at 13. Because he did not do so, his claims were mandatorily dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *see also Rojas v. Martinez*, No. 13-17-00478-CV, 2018 WL 3583644, at *3 (Tex. App.—Corpus Christi July 26, 2018, no pet.) (mem. op.). Furthermore, dismissing with prejudice is proper when an inmate misses a filing deadline because it is not a defect that can be corrected. *Gilbert*, 490 S.W.3d at 606; *Leachman v. Dretke*, 261 S.W.3d 297, 309 (Tex. App.—Fort Worth 2008, no pet.). We overrule Jordan's first issue.

Because we find that Jordan's claims were properly dismissed with prejudice, we need not address his other sub-issues relating to the dismissal of his claims. *See* TEX. R. APP. P. 47.1.

### D. Objection to an Appointed Judge

In his second issue, Jordan argues that the associate judge assigned to the case should have been mandatorily dismissed once Jordan filed an objection to the appointment. *See* TEX. GOV'T CODE ANN. § 74.053 (West, Westlaw through 2017 1st C.S.) ("If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case."). The record reflects that Jordan was informed of the associate judge's assignment; however, nothing in the record indicates that Jordan objected to such appointment. Jordan asserts that "for whatever reason," the objection that he filed was not included in the record. However, "[t]he burden is on the appellant to see that a sufficient record is presented to show error requiring reversal." *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990).

6

Although appellate courts generally do not consider docket entries, "docket entries may be used by appellate courts to determine what transpired in the trial court." *Haut v. Green Cafe Mgmt., Inc.*, 376 S.W.3d 171, 179 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 484 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (observing that the docket entries confirmed that the appellant had filed a motion for new trial with the trial court). The docket confirms that a "Notice of Assignment" of an associate judge was sent on July 27, 2017. However, the docket does not mention any objections relating to the appointment of an associate judge. Jordan has not demonstrated that he filed and presented his objections to the appointment of an associate judge. *See Buffalo Bag*, 704 S.W.2d at 484. Therefore, Jordan has failed to preserve this issue for appeal. *See* TEX. R. APP. P. 33.1; *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003) (concluding that even constitutional errors must be preserved by raising timely objections to the trial court); *Flores v. Banner*, 932 S.W.2d 500, 502 (Tex. 1996) (acknowledging that an objection to the assignment of a judge can be waived if not properly presented and ruled upon); *Sweetwater Austin Properties, L.L.C. v. SOS All., Inc.*, 299 S.W.3d 879, 891 (Tex. App.—Austin 2009, pet. denied) (same). We overrule Jordan's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
28th day of March, 2019.